ALEXIS GODILLOT, Respondent, *v.* EDWARD C. HARRIS et al., Appellants.

It is not essential to property in a trade-mark that it should indicate any particular person as the maker of the article to which it is attached ; it may represent, to the purchaser, the quality of the things offered for sale, and in that case is of value to any person interested in putting the commodity, to which it is applied, upon the market, and he is entitled to protection in its use.

Plaintiff devised the ingredients of a vegetable compound which was manufactured and put up in Paris expressly for him, and was imported by him; sales were made in the names of third parties, but he was interested in the result. To designate the article he prepared and had engraved and printed a label containing words designating the origin and the article itself, which he attached to the packages as a trade-mark. Defendant, after a market had been established for the article, prepared and offered for sale substantially the same kind of goods, placing upon the packages a label so nearly like that of plaintiff's that a buyer would be easily deceived. *Held*, that plaintiff had acquired the right to the exclusive use of the trade-mark by its prior use and application ; and this although the goods were manufactured for and not by him; and that an action restraining defendant from using the label was maintainable.

(Argued April 22, 1880 ; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the defendants from using plaintiff's trade-mark.

The complaint alleged and the court found, in substance, that the plaintiff, for more than three years, had been engaged in putting up in packages of about one pound each, and importing an article known as "Julienne," a compound of various vegetables for making Julienne soup, devised by plaintiff, upon which packages he had placed a label or trade-mark devised by him. The article was, as the court found, manufactured and put up in Paris expressly for plaintiff.

The device consists of the words "Conserves Alimentaires," under which is the coat of arms of the city of Paris; upon either side the monogram "A. G." in a circle, and underneath the words "Paris" and "Julienne," with directions for preparing for use and using.

The device adopted by the defendants is, in all respects, like the plaintiff's device, except the monogram is "F. G." In size, type, color and appearance, the two devices are alike; and the court found "that the similarity of the two labels is such that the customers and patrons of the plaintiff are liable to be deceived." The judgment restrained defendant from further using their label, or one resembling plaintiff's upon such packages; and from selling or offering any for sale with such label upon them.

*Hugh Porter* for appellants. The right to a trade-mark can exist in him only who possesses an exclusive right to the property to which it is appended. (*Congress & Empire Spring Co.* v. *High Rock Congress Spring Co.*, 45 N. Y. 291; *Walton* v. *Crowley*, 3 Bl. Circuit Ct. 440 [U. S. Circuit Ct. N. Y.]; *Ferguson* v. *Davol Mills*, 2 Brewst. 314; *The Leather Cloth Co.* v. *The Am. Leather Cloth Co.*, 23 L. J. [N. S.] Ch. 199, and Cox's Am. Trade-mark Cases, 688; *Hall* v. *Barrow*, Cox's Am. Trade-mark Cases, 668; Upton's Trade-marks, 25–30, both inclusive; *Collins* v. *Cowen*, 3 Kay & Johns, 428) Only two classes of persons in a community can become the owners of a trade-mark for an article of trade or commerce;

the person who manufactures the article and the merchant who sells the article, and who has been vested by the manufacturer with the exclusive right to sell it. (*D. & H. C. Co.* v. *Clark,* 13 Wall. 311; *The Amoskeag Manufacturing Co.* v. *Spear,* 2 Sandf. [Sup. Ct.] 599; *Newman* v. *Alvord,* 51 N. Y. 194; *Partridge* v. *Monck,* 2 Barb. Ch. 101; *Carmichael* v. *Laburner,* 5 N. Y. Weekly Dig. 46; *Osgood* v. *Allen,* 1 Holmes, 185; *Dixon Crucible Co.* v. *Guggenheimer,* 2 Brewst. 321; Upton's Trade-marks, 22, 23, 24.) When under a mark or symbol which fails to indicate the plaintiff as either the manufacturer or vendor, an article of merchandise has acquired a favorable reputation, all persons dealing in such merchandise have an equal right to use such mark or symbol. (Upton's Trade-marks, 95–103.)

*Nelson Smith* for respondent. A person for whom goods are manufactured is entitled to protection in the use of the device or symbol which is invented and adopted by him to designate the goods which he sells thereunder. (*Amoskeag Manuf. Co.* v. *Spear,* 2 Sandf. 599; *Walton* v. *Crawley,* 3 Blatchf. 440.) Even though the vendor had no direct relation to the manufacturer, he has a right to protection. (*Partridge* v. *Monck,* 2 Barb. Ch. 103; *Taylor* v. *Carpenter,* 2 Sandf. Ch. 603, 614; 11 Paige, 292.) The property and right to protection in such case is not in the goods, but in the device or symbol adopted by the plaintiff. (*Wotherspoon* v. *Currie,* L. R., 5 H. L. 508.) The plaintiff's label with the words, marks, pictures, symbols, and arrangement thereof, embracing his monogram, constituted a good trade-mark. (*Colman* v. *Crump,* 70 N. Y. 753; *Taylor* v. *Carpenter,* 2 Sandf. Ch. 603, 614; 11 Paige, 292; *Partridge* v. *Monck,* 2 Barb. Ch. 103; *S. C.,* 1 How. Ct. of App. Cases, 547; *S. C.,* Cox's American Trade-mark Cases, 72; *Morrison* v. *Case,* 9 Blatchf. 548.) A picture of a public building belonging to the State, or of a foreign nation, may be adopted as a trade-mark and will be protected. (*Brie* v. *Turband,* Brown on Trade-marks, §§ 258, 259, 262.) The rule that there can be no right to the use of

generic words, nor words merely indicating name or quality, only applies when the words are expressed in English; it has no application when the words used are in a foreign or dead language. (*Raggett* v. *Findlater*, L. R., 17 Eq. Cases, 36; *Ford* v. *Forster*, L. R., 7 Ch. App. 611; 11 Alb. L. J. 169; *Wotherspoon* v. *Currie*, L. R., 5 H. L. 508; *Braham* v. *Bustard*, 1 Hem. & Mill. 447.) A word which indicates a mere fancy name will be protected in favor of the person who first adopts it. (*Knott* v. *Morgan*, 2 Keen, 213; *Croft* v. *Day*, 7 Beavan, 85; *Mesrole* v. *Tynberg*, 4 Abb. [N. S.] 410; *Newman* v. *Alvord*, 49 Barb. 588; *Rillet* v. *Cartier*, 11 Abb. [N. S.] 186; *Carver* v. *Bowker*, Sebastian's Trade-mark Cases, 581; *In re Rotherham*, id. 647; *S. C.*, 27 W. R. 503.) The moment a person has selected a symbol or device to indicate his mark, and applies the mark to his goods, the act is complete and his right consummated; no particular duration of time, as to the user is necessary. (Brown on Trade-marks, § 252; *Taylor* v. *Carpenter*, 2 Sandf. Ch. 603, 614; 11 Paige, 292; *Partridge* v. *Monck*, 2 Barb. 103; *S. C.*, 1 How. Ct. of App. Cases, 547.)

DANFORTH, J. We can discover no ground upon which the judgment in this case should be reversed. It is not essential to property in a trade-mark that it should indicate any particular person as the maker of the article to which it is attached. It may represent to the purchaser the quality of the thing offered for sale, and in that case is of value to any person interested in putting the commodity to which it is applied upon the market. This was the plaintiff's position. He was not the actual manufacturer of the " Julienne," but the trial court found, and there is evidence to sustain the finding, "that it was manufactured and put up in Paris, expressly for him." He devised the ingredients, and became the importer of the prepared article. To designate the substance, when so prepared for sale, he designed and had engraved and printed, a label, which he attached to the packages containing it. He was interested in the result of sales, and although these were made in the names of third persons, and not his own, his legal right to protection is

the same.   By any increase in the market demand for the commodity, he was benefited, and by every thing which either supplanted it or diminished the public estimate of it, he was a sufferer.   The defendant subsequently offered for sale substantially the same kind of goods, and placed upon the packages a label very similar to that used by the plaintiff.   It is in most respects a copy, and except upon close inspection seems to be literally a copy.   The plaintiff's monogram "A. G." is omitted, but that of one of the defendants, "F. G.," is put in its place.   A purchaser having in mind the article he wanted would not notice the difference, while the crown and armorial bearings representing the arms of the city of Paris, with the persuasive words "*conserves alimentaires,*" the word Paris designating its origin, and the word "*Julienne*" the thing itself, are identically the same.   A buyer, however deliberate, would be easily deceived by the resemblance, and while the compound purchased might be equally good as that of the plaintiff's, it is clear that the plaintiff would have lost the sale of his preparation, and so received injury.   This is a very brief statement of the plaintiff's case, but it exists in the finding of the trial court, and in the evidence.   It is sufficient to warrant and require the judgment which has been pronounced. (*Hostetter* v. *Vowinkle,* 1 Dill. C. C. 329.)   The onclusion of the trial judge has received the approbation of the Supreme Court, and is concurred in by us.   It stands not only upon principle, but upon authority.   The plaintiff acquired the right to the exclusive enjoyment of the trade-mark, not alone by devising it, but " by its prior use and application in the manner in which it has been imitated and employed by the defendant " (*Walton* v. *Crowley,* 3 Blatchf. C. C. 440), and this is so, although the goods were manufactured for him, and not by himself, for he had the same legal right to affix and maintain a special trade-mark in one case as in the other. (*Walton* v. *Crowley, supra; Amoskeag Manuf. Co.* v. *Spear,* 2 Sandf. 599; *Taylor* v. *Carpenter,* 2 Sandf. Ch. 614.)   To the same effect is the decision of this court in *Congress Spring Co.* v. *High Rock Spring Co.* (45 N. Y. 291), where the rule laid

down in *Amoskeag Manuf. Co.* v. *Spear, supra,* is cited and enforced.

I have examined the evidence contained in the case, and am satisfied that it maintains the findings of fact made by the trial court. Nor do the cases cited by the learned counsel for the appellant support his contention that error was committed in the conclusions of law depending upon those facts. The defendants' claim in this matter seems to be without merit. They appear to have deliberately invaded the plaintiff's right, and the latter to be clearly entitled to the relief which has been given to him by the judgment appealed from. I think it should be affirmed with costs.

All concur.

Judgment affirmed.