**EASTMAN KODAK COMPANY**

v.

**ROYAL-PIONEER PAPER BOX MFG. CO., Inc.**

**Civ. A. No. 30097.**

United States District Court
E. D. Pennsylvania.
Aug. 23, 1961.

Henry T. Reath, of Duane, Morris & Heckscher, Philadelphia, Pa., for plaintiff.

Abraham L. Shapiro, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

By agreement of counsel, this case came before the court on August 22, 1961, on final hearing. A detailed Memorandum of Law Brief (Document No. 5) and Requests for Findings of Fact (Document No. 6) and Conclusions of Law (Document No. 7) have been filed by plaintiff and the testimony has been transcribed. Counsel informed the trial judge that, in addition to the provision for liquidation of part of defendant's inventory contained in Conclusion of Law 11(b), plaintiff had agreed to purchase from defendant certain other items of inventory.

The trial judge adopts the Findings of Fact requested by plaintiff (Document No. 6) as Findings of the court. The Conclusions of Law requested by the plaintiff (Document No. 7) are also adopted as the Conclusions of the trial judge with the substitution of the words "received in evidence" for the words "attached hereto" in sub-paragraph 11–a–1.

Plaintiff seeks protection under the principle of unfair competition

for its distinctive trade dress, consisting of a predominant use of "the familiar Kodak yellow" background with red or black, or both colors, used in distinctive printing. Defendant's packages (Exhibits P–1 to P–8) constitute an unfair use of this trade dress and plaintiff is entitled to injunctive relief on this record. See Campbell Soup Co. v. Armour & Co., 3 Cir., 1949, 175 F.2d 795, cases cited at pages 798–799 of 175 F.2d, and other cases cited at pp. 4 ff. of plaintiff's Memorandum of Law Brief (Document No. 5). Even though defendant is not in competition with plaintiff, the latter is entitled to an injunction since defendant enables plaintiff's competitors "to palm off" their services of developing films as those of plaintiff by furnishing them with packages in plaintiff's distinctive trade dress and plaintiff has been damaged by improper developing services of its competitors who have used this trade dress. See Warner & Co. v. Eli Lilly & Co., 1924, 265 U.S. 526, 530–531, 44 S. Ct. 615, 68 L.Ed. 1161; Upjohn Company v. Schwartz, 2 Cir., 1957, 246 F.2d 254, 258; Goebel Brewing Co. v. Esslingers, Inc., 1953, 373 Pa. 334, 345, 95 A.2d 523; Ralston Purina Co. v. Saniwax Paper Co., D.C.W.D.Mich.1928, 26 F.2d 941. As pointed out in the foregoing cases and those cited at pp. 17 ff. of plaintiff's Memorandum of Law Brief (Document No. 5), proof of defendant's intent to deceive is not a prerequisite to injunctive relief.

Also, plaintiff is entitled to injunctive relief on this record under the terms of § 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a). See L'Aiglon Apparel v. Lana Lobell, Inc., 3 Cir., 1954, 214 F.2d 649, 651.

An order granting the injunction will be filed.

### Findings of Fact

And Now, August 22, 1961, the plaintiff, having offered proof in support of the allegations in the Complaint, relating to use of a "trade dress" and relating to the use of plaintiff's registered trademark and service mark, KODACHROME, and relating to the manufacture and sale and advertising for sale to film processors in competition with plaintiff, of boxes for the return of processed photographic film, the following findings of fact are made:

1. Plaintiff is a New Jersey corporation and has its principal office and place of business in Rochester, New York.

2. Defendant is a Pennsylvania corporation located and having its principal office and place of business in Philadelphia, Pennsylvania.

3. The amount in controversy herein exceeds $10,000.00 exclusive of interest and costs.

4. Plaintiff has been for many years and is presently engaged in the manufacture and sale of photographic products and film and in processing color film and providing color prints in interstate commerce certain of which products and services are furnished in the Commonwealth of Pennsylvania.

5. Plaintiff has expended millions of dollars in developing, testing and improving its products and services.

6. In connection with the sale and advertising of plaintiff's products and film processing services, plaintiff adopted and has long used continuously and now uses a distinctive and fanciful style and trade dress of labeling, packaging and advertising its products and services in the photographic field. The trade dress involved in this case consists of the distinctive combination of a predominant yellow background, with red or black or both colors, with distinctive printing, often used in association with its various registered trade and service names and marks such as KODAK, KODA-CHROME, etc.

7. Plaintiff has expended additional millions of dollars in promoting and advertising on national television and radio and in newspapers, magazines and trade journals circulated and sold throughout the United States, including Pennsylvania, the properties and high quality of its products and services. Since 1954, it has expended in excess

of $16,000,000 in promoting, illustrating and advertising its distinctive trade dress.

8. As a result of such adoption, use and advertising, plaintiff's products and services have, since long prior to 1960, become and are now well known to the trade and public and are now thus identified with plaintiff by plaintiff's distinctive and fanciful style and trade dress. These products and services so identified are of high quality, and this quality is well recognized in the trade and by the public.

9. Defendant has been and is now engaged in the business of designing, manufacturing and printing paper boxes and has been and is now engaged in the business of soliciting orders from, and selling return boxes for processed photographic film to processors and developers in direct competition with plaintiff.

10. Defendant, since Jan. 1960, has used and is now using in connection with the manufacture, sale and advertising of photographic film return boxes, a style confusingly and deceptively similar to plaintiff's.

11. These boxes identified as Exhibits "1" through "8", are manufactured, advertised and sold by defendant in interstate commerce and in the Commonwealth of Pennsylvania to film processors and developers who are in competition with plaintiff.

12. All of the foregoing acts of the defendant have been done without plaintiff's consent.

13. As a result, defendant's manufacture and sale of such film boxes has enabled color film processors in competition with plaintiff to capitalize on plaintiff's distinctive trade dress, to pass off their services as those of plaintiff, and thereby to trade upon the valuable reputation and good will created by plaintiff for its products and services.

14. The boxes Exhibit "1" through "8" are such that customers receiving their processed film in these boxes are likely to be confused and misled thereby into believing that the processing has been done by plaintiff, whereas in fact it has been done by plaintiff's competitors.

15. A consumer market survey conducted by an independent market research firm established that 861 of a total of 1,183 or 73% of the persons interviewed believed that if their processed film had been returned to them in defendant's box Exhibit "1", such processing would have been done by Eastman Kodak Company. A competent expert witness testified that such survey established that in his opinion a great majority of amateur users of film processing services returned in defendant's box Exhibit "1" would have believed that their processing had been done by plaintiff.

16. Competent witnesses testified that they were confused in fact by defendant's said box Exhibit "1" and were deceived into believing that processing by competitors of Eastman Kodak had been performed by Eastman Kodak when such had not been the fact.

17. As a result of the extensive advertising and promotion of the Kodak familiar trade dress, this trade dress has acquired within the photographic trade and the consuming public a secondary meaning which associates any products, packaging, services or advertising bearing the familiar Kodak trade dress as having been produced by the plaintiff Eastman Kodak Company and of being of superior quality and excellence.

18. The continued use by the defendant and others of plaintiff's exclusive and distinctive trade dress will if not enjoined, dilute and destroy its unique value to plaintiff.

Conclusions of Law

And Now, in view of the Findings of Fact, the Court makes the following Conclusions of Law:

1. This Court has jurisdiction over the parties to this action and the subject matter hereof. This action was timely commenced by plaintiff.

2. Plaintiff, over the course of many years, has in connection with its photographic business developed and seeks to protect in this action a distinctive trade

dress consisting of the distinctive combination of a predominant yellow background, with red or black or both colors, with distinctive printing, often used in association with its various trade and service names and marks such as KODAK, KODACHROME, etc. and such trade dress is a valuable property right that is capable of protection by this Court.

3. Plaintiff's prior and continuous use of its distinctive trade dress have established for that trade dress a secondary meaning which entitles plaintiff to the right to the exclusive use of such trade dress and to be free from the use of such trade dress, or any simulation or colorable imitation thereof, by others.

4. Defendant has manufactured, sold and offered for sale in interstate commerce and in the Commonwealth of Pennsylvania, photographic film return boxes which are confusingly and deceptively similar to plaintiff's.

5. Defendant's manufacture and sale of such photographic film return boxes has enabled color film processors in competition with plaintiff to capitalize on plaintiff's distinctive trade dress, to pass off their services as those of plaintiff, and thereby trade upon the valuable reputation and good will created by plaintiff for its products and services.

6. Defendant's manufacture and sale of such photographic film return boxes to processors other than plaintiff have caused and are likely to cause purchasers of photographic film processing services to believe that such services have been or are those of plaintiff when in fact such services have been performed by others than plaintiff.

7. The acts of defendant complained of have caused great and irreparable damage to plaintiff and will continue to do so unless enjoined by this Court.

8. The acts of defendant complained of constitute unfair competition at common law.

9. Plaintiff has no adequate remedy at law.

10. Defendant has caused its deceptively similar photographic film return boxes to enter into, be transported and used in commerce throughout the United States and in the Commonwealth of Pennsylvania and has thereby enabled the false designation by others that the service in connection with which such boxes are employed originated with plaintiff. Such false designation constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. Section 1125 (a).

11. Plaintiff is entitled to judgment as follows:

a. Defendant, its officers, managers, salesmen, solicitors, agents, employees and servants be and they are hereby permanently enjoined.

1. From designing, manufacturing, promoting, advertising, selling, offering for sale and using, any photographic film return boxes like or similar to those attached hereto and marked Exhibit "1" through and including Exhibit "8";

2. From using any style of labeling, packaging, or trade dress, consisting of a predominantly yellow background, with red or black or both colors, with distinctive printing, or used in association with plaintiff's various trade and service names and marks or any other style confusingly or deceptively similar to plaintiff's as part of, or in connection with its design, manufacture, promotion, advertising and sale and offering for sale and use of boxes and other packaging materials for use in the photographic field;

3. From reproducing and applying plaintiff's registered mark KODACHROME in any manner which causes or is likely to cause confusion on the part of the purchasing public as to the origin of the processing services performed by others than plaintiff; and

b. To enable defendant to liquidate its existing inventory of finished boxes of the types designated

as Exhibits "4" through "8" an exception is made to this decree to permit sale of such boxes until such inventory is sold by defendant but in no event after December 31, 1961.