Samuel H. Hoestadteb, J.
The amended complaint here under challenge by motion to dismiss for insufficiency presents a novel example of commercial piracy, said by the defendant to be no more than permissible competition. Briefly summarized, this is what the amended complaint states: the plaintiff, a well-known manufacturer of plastic musical instruments, designed and manufactured in its plant a bongo drum of plastic material, bearing its name and trade-mark, which won prompt acceptance in the musical instrument trade and brought the plaintiff a substantial volume of orders at its price of $3.33 per instrument. The defendant, a competitor, having sensed the popularity of this item, bought in the market from the plaintiff’s distributors about 180 of these bongo drums bearing the plaintiff’s name and trade-mark. It removed the plaintiff’s name and trade-mark and substituted therefor its own name and trade-mark, and then exhibited to the trade these bongo drums, manufactured by the plaintiff but now bearing the defendant’s name and trade-mark, for sale at $2.70 each, on the representation that such bongo drums were its product, carrying its registered trade-mark. The defendant further offered trade pictures of the plaintiff’s product, retouched to conceal the plaintiff’s name and trade-mark, to its prospective customers, for use in advertising and catalogs. It also procured listings of its bongo drums in the catalogs of the most important national distributors, in which listings the defendant employed actual pictures of the plaintiff’s bongo drums with the plaintiff’s name and trade-mark removed and the defendant’s name and trade-mark substituted therefor, on the basis of which the defendant receives orders for its bongo drums which would otherwise have been placed with the plaintiff. This is the gist of the pleading, supplemented, of course, by the customary allegations of the plaintiff’s nonconsent, the defendant’s wrongful intent and the continuance of the unfair competition.
The plaintiff, after setting out in extenso in its amended complaint section 2354 of the Penal Law of this State, entitled “ Offenses against trade-marks ” charges the defendant with *803 the violation of various of its subdivisions. The defendant brushes this charge aside and urges that the statute prohibits only the passing off of the products of another as those of the trade-mark owner whom the statute seeks to protect. Here we have the converse: the defendant by removing the plaintiff’s trade-mark from the drums of the plaintiff’s manufacture and substituting its own is passing off those drums not as the plaintiff’s but as the defendant’s. The defendant’s trade-mark is certainly not the true trade-mark of the plaintiff’s drum; when the defendant substituted its trade-mark for the plaintiff’s true trade-mark it unquestionably affixed a false trade-mark to the article in violation of subdivision 2 of the section. The defendant’s trade-mark, when placed on the drums manufactured by the plaintiff thus being a false trade-mark, the amended complaint also sufficiently alleges use by the defendant of these drums in violation of subdivisions 3 and 5 of the section.
If, however, the amended complaint were upheld on this single ground, the plaintiff might be limited to redress in respect of the defendant’s use of the particular bongo drums of the plaintiff’s manufacture in its campaign to market its own drum. The plaintiff’s grievance is more basic. The defendant’s right to reproduce the plaintiff’s unpatented bongo drum, as well as to copy any nncopyrighted photograph or advertisement of the plaintiff need not be questioned. When, however, the defendant asserts that this is all it is charged with here it misconceives entirely the thrust of the amended complaint. The plaintiff does not complain of the sameness of the two drums or of the sale of the defendant’s drum at a lower price, perhaps the inevitable incidents of lawful competition. The wrong of which the plaintiff complains is the unfair use of its bongo drum as a vehicle to push the sale of the defendant’s drum through the misrepresentation that it is the defendant’s product. This misrepresentation results from the mutilation of the plaintiff’s product in the removal of its genuine trade-mark and its replacement by the defendant’s trade-mark. The circulation in the trade of photographs of the plaintiff’s drum, retouched to strip it of the indicia of its origin, aggravates the deception. The defendant’s methods, while perhaps new and adroit, transcend the bounds of fair competition. They do not conform to the standards of conduct which the courts increasingly enforce in this area. The full treatment of the governing principles, with a review of the authorities, in two comparatively recent decisions (Metropolitan Opera Assn. v. Wagner-Nichols Recorder Corp., 199 Misc. 786, affd. 279 App. Div. 632; Dior v. Milton, 9 Misc 2d 425, GreenbeRg, J.) renders extended discussion of the subject *804 unnecessary. (See, also, International News Serv. v. Associated Press, 248 U. S. 215.) The law no longer countenances the misappropriation of the fruits of another’s labors, such as that shown here.
The contentions advanced by the defendant for a contrary result have been fully considered but they are found inapplicable to the facts of this case. The motion to dismiss the amended complaint is denied.