MASTRO PLASTICS CORP., Respondent, *v.* EMENEE INDUSTRIES, INC., Appellant.

First Department, May 29, 1962.

*Lewis A. Stern* of counsel (*Leon Silverman* with him on the brief; *Strasser, Spiegelberg, Fried & Frank,* attorneys), for appellant.

*David W. Kahn* for respondent.

BERGAN, J. Plaintiff and defendant are competing corporations each engaged in manufacturing and marketing musical

instruments. Both make and sell plastic "bongo drums". Plaintiff made bongo drums to sell to the trade at $3.33 each; defendant made them to sell at $2.70 each.

In the promotion of the sale of its drums defendant bought from one of plaintiff's distributors 180 of plaintiff's drums; and, removing plaintiff's trade-mark and substituting its own, defendant used these drums as samples upon which it would sell to the trade its own product. Besides this, defendant used photographs of plaintiff's drums, retouched so as not to show plaintiff's trade-mark, for the purpose of advertising and promoting its drums.

These facts are drawn together from the complaint in this action in which plaintiff seeks an injunction and accounting based on the theory that what is thus pleaded shows actionable unfair competition. The court at Special Term denied a motion to dismiss the complaint; but we are of opinion the complaint does not show a good case for the relief sought.

Plaintiff did not invent the plastic bongo drum, it did not add to it any character special to its own manufacture; nor is it suggested that it is in possession of patent or property rights in the drum which it has manufactured.

Thus, when plaintiff placed its plastic drum in the public domain by selling it, anyone who saw one or bought one was free to copy it exactly; and to market the reproduction. If the copy was represented to be the plaintiff's product, the palming off, i.e., the deception, would be treated as unfair competition; but the process of copying and selling is itself not actionable under generally recognized principle.

A leading New York authority on this aspect of the case is *Hebrew Pub. Co.* v. *Scharfstein* (288 N. Y. 374) where the plaintiff, having published two religious tracts for many years printed from reproductions of plates and matrices of Hebrew type which plaintiff owned, complained that defendant was printing and selling in competition books made by an offset process reproducing the exact pages of plaintiff's books.

The court noted the absence of copyright and that there was "no finding of any passing off of the defendant's books as the books of the plaintiff" (p. 376); and it held that plaintiff was not entitled to an injunction "as in a case of unfair competition" (pp. 376–377).

In *Airolite Co.* v. *Fiedler* (147 F. 2d 496 [C. C. A. 2d]) it was held that the publication by defendant in his catalogue of drawings of ventilators which were exact copies of uncopyrighted plans originated by plaintiff and which ventilators defendant sought to sell as his own products was not unfair competition.

The court noted the basic principle that " Palming off  *  *  * is the gist of a cause of action for unfair competition " and added " This method of marketing gave notice to prospective purchasers that what the defendant offered to sell was his own product and was enough to preclude any possibility that he would or could by means of the drawings palm off his ventilators for those of the plaintiffs " (p. 498).

" In the absence of some recognized right at common law, or under the statutes " Judge LEARNED HAND wrote in *Cheney Bros.* v. *Doris Silk Corp.* (35 F. 2d 279, 280) " a man's property is limited to the chattels which embody his invention. Others may imitate these at their pleasure." This was a case where a competitor copied a pattern on silk which plaintiff had designed and undersold plaintiff's product.

Consistent with this general rule are *Germanow* v. *Standard Unbreakable Watch Crystals* (283 N. Y. 1); *Hartford Charga-Plate Associates* v. *Youth Centre-Cinderella Stores* (215 F. 2d 668); *Societe Comptoir de L'Industrie Contonniere* v. *Alexander's Dept. Stores* (190 F. Supp. 594, affd. 299 F. 2d 33 [C. C. A. 2d]); *Pocket Books* v. *Meyers* (292 N. Y. 58); *Press-On* v. *Goodman* (293 N. Y. 36).

It would seem to follow that the defendant could reproduce exactly the plaintiff's original plastic bongo drums and sell them to the trade without incurring a liability to plaintiff. What it could thus reproduce and sell it could use as samples of what it would produce and sell.

Title to these chattels which plaintiff had put on unrestricted general sale and for which defendant paid plaintiff's price had passed to defendant. By reason of such title defendant has as much right to sell and use them for the purposes of sale as it would an exact reproduction of the plaintiff's drums made by itself. A workable distinction between a right to use in the channels of trade an original to which title had been acquired and an exact reproduction is not easily drawn.

In removing the plaintiff's trade-mark from the chattels to which defendant had acquired title, defendant did precisely what it should have done to avoid unfair competition before using them as samples in trade, because, although its right to resell or use for the purposes of trade the drums made by plaintiff is clear, it had no such right to use the plaintiff's trade-mark in furtherance of its own trade or promotion (cf. *Lanvin Parfums* v. *De Dans, Ltd.,* 9 N Y 2d 516; *Bourjois Sales Corp.* v. *Dorfman,* 273 N. Y. 167).

Placing its own trade-mark on the drums is quite a different thing from misusing the plaintiff's trade-mark. If defendant

has the right to reproduce and sell reproductions of plaintiff's drums it had a correlative right to put its trade-mark on the chattel if proffered to the public; and, indeed, the reverse situation exists from that which would have occurred if the defendant had left plaintiff's trade-mark on the drums.

The use of its own trade-mark amounted to a representation that defendant and not the plaintiff stood behind the sample chattel and behind the chattels bought in reliance on the sample. This is the antithesis of palming off and the plaintiff demonstrates no actionable rights in the defendant's use of its own trade-mark on a product it bought to use in promoting its own products.

A broad generalization is used in the pleading that defendant's drums are "inferior in many respects" to plaintiff's. If, as it is thus suggested the ultimate bongo drum sold to the trade by defendant is not as good as plaintiff's product and hence not as good as the samples, the purchasers would have the customary rights against defendant based on breach of contract.

It has not been thought heretofore that a business enterprise makes out a case for injunctive restraint because a competitor's product is not as good as his samples. Indeed, the usual corrective effect of the market would be supposed to take care of this to the plaintiff's benefit as a competitor in the field.

It may possibly be, also, that the complaint spells out a violation by defendant of subdivisions 2 or 5 of section 2354 of the Penal Law; but this is an action for injunction based on a remediable harm to plaintiff and not a penal prosecution. We do not reach that question under this pleading.

The order should be reversed on the law and the facts and the motion to dismiss the complaint granted, with costs.

VALENTE, J. P., STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on February 5, 1962, unanimously reversed on the law and the facts, with $20 costs and disbursements to the appellant, and the motion to dismiss the amended complaint granted, with $10 costs.