MEMOREX CORPORATION, etc., et al.,
Plaintiffs–Appellants,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,
Defendant–Appellee.

MEMOREX CORPORATION, etc., et al.,
Plaintiffs–Appellees,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,
Defendant–Appellant.

Nos. 78–3050, 78–3236.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1980.

Decided Nov. 18, 1980.

Rehearing Denied in No. 78–3050 Feb.
5, 1981.

Ronald S. Beard, Gibson, Dunn & Crutcher, Los Angeles, Cal., argued for Memorex Corp., ILC Peripherals; Karl A. Limbach, Limbach, Limbach & Sutton, San Francisco, Cal., on brief.

Patrick Lynch, O'Melveny & Myers, Los Angeles, Cal., argued for International Business Machines Corp.; Edward B. Rogin, Orrick, Herrington, Rowley & Sutcliffe, San Francisco, Cal., James V. Selna, Los Angeles, Cal., on brief.

Before DUNIWAY and GOODWIN, Circuit Judges, and KASHIWA,* Judge, United States Court of Claims.

PER CURIAM:

In this anti–trust case the trial judge, after a full trial lasting 80 days, granted a motion for a directed verdict. *ILC Peripherals Leasing Corp., et al. v. International Business Machines Corp.*, N.D. Cal., 1978, 458 F.Supp. 423. It had previously granted a motion for a directed verdict on one issue. *ILC Peripherals Leasing Corp. v. International Business Machines Corp.*, N.D. Cal., 1978, 448 F.Supp. 228. Plaintiffs appeal.

The case is one of several similar cases. One of these is *California Computer Products, Inc. v. International Business Machines Corp.*, 9 Cir., 1979, 613 F.2d 727. There we affirmed a judgment based upon the granting of a motion for a directed verdict in a case that presented substantially the same issues and much of the same evidence. We are unable to distinguish Memorex's case from the *California Computer Products* case, and we conclude that, on the authority of that case the judgment should be affirmed. *See also The Telex Corp. v. International Business Machines Corp.*, 10 Cir., 1975, 510 F.2d 894, reversing N.D. Okl., 1973, 367 F.Supp. 258; *In re IBM EDP Devices Antitrust Litigation, Transamerica Computer Co., Inc. v. International Business Machines Corp.*, N.D. Cal., 1979, 481 F.Supp. 965.

Our disposition of the case makes it unnecessary to decide whether it was error for the court to enter an order striking plaintiffs' demand for a jury trial in the event of a new trial. *See*, however, *In re Financial Securities Litigation, Fabrikant v. Bache and Co.*, 9 Cir., 1979, 609 F.2d 411.

Affirmed.

* The Honorable Shiro Kashiwa, sitting by designation.