**Paul SMITH, an individual,
Plaintiff-Appellant,**

v.

**Edward L. MONTORO and Film
Ventures International Inc.,
Defendants-Appellees.**

No. 78–2470.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1980.

Decided June 1, 1981.

Lawrence A. Cox, Kadison, Pfaelzer, Woodard, Quinn & Rossi, Los Angeles, Cal., for plaintiff-appellant.

Marvin Zinman, Los Angeles, Cal., for defendants-appellees.

Before PECK,* ANDERSON, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

This is an appeal from a judgment granting defendant's motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a

---

* Hon. John W. Peck, United States Circuit Judge for the Sixth Circuit, sitting by designation.

federal claim. The district court held that the complaint did not allege facts sufficient to constitute a violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Appellant argues that the district court erred since the acts alleged in the complaint are the economic equivalent of "palming off," or misuse of a trade name, thus meeting the district court's standard for stating a claim under section 43(a). For the reasons stated below, we reverse.

*BACKGROUND*

Paul Smith contracted to star in a film to be produced by Producioni Atlas Cinematografica ("PAC"), an Italian film company. The contract allegedly provided that Smith would receive star billing in the screen credits and advertising for the film and that PAC would so provide in any subsequent contracts with distributors of the film. PAC then licensed defendants Edward Montoro and Film Venture International, Inc. ("FVI") to distribute the film in this country under the name "Convoy Buddies." Plaintiff complains, however, that Montoro and FVI removed Smith's named and substituted the name of another actor, "Bob Spencer," in place of Smith's name in both the film credits and advertising material. Plaintiff alleges that, as a result of defendants' substitution, plaintiff has been damaged in his reputation as an actor, and has lost specific employment opportunities.

The complaint sought damages under several theories, including breach of contract, "false light publicity," violation of section 43(a) of the Lanham Act, and violation of Cal.Civ.Code § 3344 regarding commercial appropriation of a person's likeness. There being no diversity of citizenship, federal subject matter jurisdiction was based solely on plaintiff's Lanham Act claim. Plaintiff asserted that the district court had jurisdiction of the state law claims as a matter of pendent jurisdiction.

In proceedings held on May 1, 1978, the district judge explained his "tentative view" that defendants' motion should be granted and the complaint dismissed as "not stating a valid cause of action under the Lanham Act." While noting "there are many diverging interpretations of the Lanham Act" and that "some courts give a broad construction to it regarding it as a remedial kind of statute," the judge stated that "[i]t is my view ... that the Lanham Act is limited in its scope and intent to merchandising practices in the nature of, or *economically equivalent* to, palming off one's goods as those of a competitor, and/or misuse of trademarks and trade names." (Emphasis added.) According to the district court, the acts alleged in the complaint

are not the economic equivalent of palming off or misuse of a trademark or trade names. The acts are more in the nature of breaches of contract or tort which are properly the subject of state law. There is certainly in this case no intent to divert a competitor's business by misleading consumers. Plaintiff's claim is not that his name was misused, but that it wasn't used at all. Therefore, the nature of the misrepresentation alleged in this case, in my view, is not within the intended scope of the statute.

As an "alternative ground" for dismissal of the Lanham Act claim, the district court indicated that "there is an issue additionally of the plaintiff's standing to bring this suit under the Lanham Act since the plaintiff is not in any sort of competition with the defendants." Shortly after the hearing, the court issued a minute order stating that defendants' motion to dismiss was granted. Judgment was entered on May 5, 1978. The remaining state law claims were dismissed for lack of jurisdiction.

*DISCUSSION*

I. *Federal Claim*

A. *Elements of a Claim under Section 43(a)*

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), forbids the use of false designations of origin and false descriptions or representations in the advertising and sale of goods and services. *See New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1198 (9th Cir. 1979). The statute provides in pertinent part as follows:

Any person who shall affix, apply, or annex, or use in connection with any goods or services ... a false designation of origin, or any false designation or representation ... and shall cause such goods or services to enter into commerce ... shall be liable to a civil action ... by any person who believes that he is or is likely to be damaged by the use of any such false designation or representation.

Appellant argues that defendants violated section 43(a) by affixing or using "a false designation or representation," i. e., another actor's name in place of appellant's, in connection with the movie's advertising and credits. Appellant claims standing under section 43(a) as a person "who believes that he is or is likely to be damaged" by the use of another actor's name in place of his. Thus, appellant's claim, although one of first impression, appears to fall within the express language of section 43(a).

The district court appears to have rejected appellant's argument on the ground that, to state a claim under section 43(a), a complaint must allege merchandising practices "in the nature of, or economically equivalent to, palming off ... and/or misuse of trademarks and trade names."

"Palming off" or "passing off" is the selling of a good or service of one's own creation under the name or mark of another. See 2 J. McCarthy, *Trademarks and Unfair Competition* § 25.1 (1973); 1 R. Callman, *Unfair Competition, Trademarks and Monopolies*, § 18.2(b)(1), at 294 (1980 Supp. to 3d ed.). Passing off may be either "express" or "implied." Express passing off occurs when an enterprise labels goods or services with a mark identical to that of another enterprise, or otherwise expressly misrepresents that the goods originated with another enterprise. Implied passing off occurs when an enterprise uses a competitor's advertising material, or a sample or photograph of the competitor's product, to impliedly represent that the product it is selling was produced by the competitor. 1 R. Callman, *supra.* Such practices have consistently been held to violate both the common law of unfair competition and section 43(a) of the Lanham Act. *See id.* 2 J. McCarthy, *supra,* § 25.1; and cases cited *infra.*

To the extent that the district court's standard for section 43(a) claims could be read as limiting such claims to cases of palming off, such a narrow rule would be contrary to established case law. As one commentator has explained, the law of unfair competition and trademarks "has progressed far beyond the old concept of fraudulent passing off, to encompass any form of competition or selling which contravenes society's current concepts of 'fairness' ...." 2 J. McCarthy, *supra,* § 25:1. *See also, e. g., L & L White Metal Casting Corp. v. Joseph,* 387 F.Supp. 1349, 1356 (E.D.N.Y.1975) ("The purpose of [section 43(a)] was to create a new federal cause of action for false representation of goods in commerce in order to protect persons engaged in commerce from, among other things, unfair competition, fraud and deception which had theretofore only been protected by the common law. While this section is broad enough to cover situations involving the common law 'palming off' of the defendants' products by the use of the plaintiff's photographs, it is also comprehensive enough to include other forms of misrepresentation and unfair competition not involving 'palming off.' ") (citations omitted).[1]

---

1. *See also Truck Equipment Service Co. v. Fruehauf Corp.,* 536 F.2d 1210, 1220 (8th Cir.), *cert. denied,* 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976); *In re Uranium Antitrust Litigation, MDL No. 342,* 473 F.Supp. 393, 408 (N.D.Ill.1979) ("[T]he misrepresentations need not be used in an attempt to 'palm off' defendant's product as plaintiff's, and need not involve a trademark."); *Fox Chemical Co. v. Amsoil, Inc.,* 445 F.Supp. 1355, 1360 (D.Minn.1978) ("Despite [section 43(a)'s] rather clear language, defendant argues that in order to state a claim under the Lanham Act a party must allege both a misrepresentation *and* palming off .... A few older decisions have so held ... but the majority of courts and the Eighth Circuit hold that allegations of false advertising and resulting injury are sufficient to state a claim under the Lanham Act.") (citations omitted); *Alberto-Culver Co. v. Gillette Co.,* 408 F.Supp. 1160, 1163 (N.D.Ill.1976) ("A plaintiff is not required to allege 'palming off' of defend-

The district court's ruling was entirely consistent with the vast majority of section 43(a) cases, however, to the extent that it indicated that a section 43(a) claim may be based on economic practices or conduct "economically equivalent" to palming off. Such practices would include "reverse passing off," which occurs when a person removes or obliterates the original trademark, without authorization, before reselling goods produced by someone else. *See* Borchard, *Reverse Passing Off—Commercial Robbery or Permissible Competition?*, 67 Trademark Rep. 1 (1977). Reverse passing off is accomplished "expressly" when the wrongdoer removes the name or trademark on another party's product and sells that product under a name chosen by the wrongdoer. *See* 1 R. Callman, *supra*, § 18.2(b)(1). "Implied" reverse passing off occurs when the wrongdoer simply removes or otherwise obliterates the name of the manufacturer or source and sells the product in an unbranded state. *Id.*

In the instant case, appellant argues that the defendants' alleged conduct constitutes *reverse* passing off and that appellant's complaint therefore stated a section 43(a) claim even under the district court's own standard. Appellees argue, however, that the protection afforded by the Lanham Act is limited to "sales of goods" and does not extend to claims that a motion picture shown to the public might contain false information as to origin.

The short answer to appellees' argument is that the Lanham Act explicitly condemns false designations or representations in connection with "*any* goods or *services.*" The prohibitions of this section have been applied to motion picture representations. *See, e. g., Dallas Cowboys Cheerleaders, Inc. v. Pussycat Cinema Ltd.*, 467 F.Supp. 366 (S.D.N.Y.), *aff'd*, 604 F.2d 200 (2d Cir. 1979). Moreover, the names of movie actors and other performers may, under certain circumstances, be registered under the Lanham Act as service marks [2] for entertainment services. *See, e. g., Re Carson*, 197 U.S.P.Q. (BNA) 554 (Trademark Trial & App.Bd.1977); *Re Ames*, 160 U.S.P.Q. (BNA) 214 (Trademark Trial & App.Bd. 1966). Although appellant has not alleged that his name is registered as a service mark, registration of a trademark or service mark is not a prerequisite for recovery under section 43(a). *See New West Corp. v. NYM Co. of California, Inc.*, 595 F.2d 1194, 1198 (9th Cir. 1979) ("To recover for a violation of this section it is not necessary that a mark or trade-mark be registered. The dispositive question is whether the party has a reasonable interest to be protected against false advertising.") (citations omitted).[3]

ant's product as plaintiff's. Nor must the allegations involve misuse of a trademark.") (citations omitted). *Cf. Ely-Norris Safe Co. v. Mosler Safe Co.*, 7 F.2d 603 (2d Cir. 1925) (L.Hand), *rev'd on other grounds*, 273 U.S. 132, 47 S.Ct. 314, 71 L.Ed. 578 (1927) ("There is no part of the law which is more plastic than unfair competition, and what was not recognized an actionable wrong twenty-five years ago may have become one today.").

**2.** The term "service mark" is defined in section 45 of the Lanham Act:

"[S]ervice mark" means a mark used in the sale or advertising of services to identify the services of one person and distinguish them from the services of others.

As to registration of a person's name as a service mark, *see also* sections 2(e)(3) and (f) of the Lanham Act, 15 U.S.C. §§ 1052(e)(3) and (f).

**3.** *See also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir.), *cert. denied*, 423 U.S. 868, 96

S.Ct. 132, 46 L.Ed.2d 98 (1975); *F.E.L. Publications v. National Conference of Catholic Bishops*, 466 F.Supp. 1034, 1044–45 n.15 (N.D.Ill. 1978), quoting *Federal-Mogul-Bower Bearings, Inc. v. Azoff*, 313 F.2d 405, 409 (6th Cir. 1963) ("It is clear . . . that the primary purpose of [section 43(a) of the Lanham] Act was to eliminate deceitful practices in interstate commerce involving the misuse of trademarks, but along with this it sought to eliminate other forms of misrepresentation which are of the same general character even though they do not involve any use of what can technically be called a trademark."); *National Lampoon, Inc. v. American Broadcasting Cos., Inc.*, 376 F.Supp. 733, 747 (S.D.N.Y.), *aff'd*, 497 F.2d 1343 (2d Cir. 1974); *Ames Publishing Co. v. Walker-Davis Publications, Inc.*, 372 F.Supp. 1, 11 (E.D.Pa. 1974) ("Although [section 43(a)] is contained in the Lanham Act, which primarily relates to federally registered trademarks, it is clear that liability under Section 43(a) may arise for a false description or representation even though no trademark is involved."); *Mortellito v. Nina*

Appellant's allegations of "reverse passing off" are analogous to those of other complaints which have been held to state a cause of action under section 43(a). For example, in *Truck Equipment Service Co. v. Fruehauf Corp.*, 536 F.2d 1210 (8th Cir.), *cert. denied*, 429 U.S. 861, 97 S.Ct. 164, 50 L.Ed.2d 139 (1976), a farm equipment manufacturer used photographs of a competitor's grain trailer in its sales literature. In the photos, the competitor's labels were removed and the trailer was labeled as a product of the defendant. The court rejected the defendant-appellant's contention that the use of the photos was not a false representation prohibited by section 43(a), holding that the practice was "of the same *economic nature* as trademark infringement." 536 F.2d at 1216 (emphasis added). The court also noted that "The use of another's product, misbranded to appear as that of a competitor [i. e., reverse passing off], has been repeatedly found to be 'a false designation of origin' actionable under section 43(a)." *Id.*

In *John Wright, Inc. v. Casper Corp.*, 419 F.Supp. 292 (E.D.Penn.1976), *aff'd in relevant part sub nom. Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3d Cir. 1978), the court stated that section 43(a) "prohibits 'reverse palming off,' i. e., conduct whereby the defendant purchases or otherwise obtains the plaintiff's goods, removes plaintiff's name and replaces it with his own." 419 F.Supp. at 325.[4] Similarly, in *FRA S.p.A. v. SURG–O–FLEX of America, Inc.*, 415 F.Supp. 421 (S.D.N.Y.1976), the court denied a motion to dismiss, and reaffirmed its previous grant of a preliminary injunction, based on allegations that a bandage manufacturer's former distributor violated section 43(a) by continuing to sell boxes of the manufacturer's bandages, after termination of the distributorship, by pasting the distributor's trademark over the manufacturer's name. Finally, in *Matsushita Electric Corp. v. Solar Sound Systems, Inc.*, 381 F.Supp. 64 (S.D.N.Y.1974), the court found a "clear violation" of section 43(a) based on the defendant's conduct in slightly modifying the control panel on plaintiff's radio, removing plaintiff's nameplate to substitute defendant's, and scraping off the embossed labeling on the back.[5]

■ According to appellant's complaint, defendants not only removed appellant's

---

of *California, Inc.*, 335 F.Supp. 1288, 1294 (S.D.N.Y.1972).

4. In that case, involving competing manufacturers of reproductions of antique mechanical banks, the court found a violation of section 43(a) based on defendant's misleading advertisements for its banks. The advertisements contained pictures of the original antique banks from which defendant's reproductions were assertedly copied, and stated that the banks pictured were from the defendant's collection rather than the plaintiff's. Thus, although the court was quick to label, and condemn, the defendant's conduct as "reverse palming off," that conduct is more accurately described as "implied passing off." *See* 1 Callman, *supra*, § 18.2(b)(1), at 294–95 (1980 Supp. to 3d ed.)

5. *See also United States v. American Greetings Corp.*, 168 F.Supp. 45 (N.D.Ohio 1958), *aff'd*, 272 F.2d 945 (6th Cir. 1959) ("implied reverse passing off"); *Mastro Plastics v. Emenee Industries, Inc.*, 32 Misc.2d 801, 223 N.Y.S.2d 940 (Sup.Ct.1962), *rev'd* 16 App.Div.2d 420, 228 N.Y.S.2d 514 (App.Div.1962), *aff'd mem.*, 12 N.Y.2d 826, 236 N.Y.S.2d 347, 187 N.E.2d 360 (1962), *motion to dismiss amended complaint denied*, 19 App.Div.2d 600, 240 N.Y.S.2d 624 (1st Dept. 1963), *aff'd* 14 N.Y.2d 498, 248 N.Y.S.2d 223, 197 N.E.2d 620 (1964) (both express reverse passing off and implied passing off). *Cf. Federal Electric Co. v. Flexlume Corp.*, 33 F.2d 412 (7th Cir.), *cert. denied*, 280 U.S. 590, 50 S.Ct. 38, 74 L.Ed. 638 (1929) (defendant found guilty of common law unfair competition for obliterating plaintiff's name from installed illuminated signs and substituting service labels bearing defendant's name). In *PIC Design Corp. v. Sterling Precision Corp.*, 231 F.Supp. 106 (S.D.N.Y.1964), the court held, contrary to the general rule, that defendant had not violated section 43(a) by merely removing plaintiff's mark (i. e., implied reverse passing off). The court noted, however, that "[h]ad [defendant] placed its own mark on [the plaintiff's product] after having removed [plaintiff's] markings, and then sold the item [i. e., *express* reverse passing off], [plaintiff] might have come within the language of the Lanham Act." *But see Commodore Import Co. v. Hiraoka*, 422 F.Supp. 628 (S.D.N.Y.1976) (no section 43(a) violation where defendant, who came into possession of goods ordered but abandoned by plaintiff after plaintiff's manufacturer went bankrupt, replaced plaintiff's labels with its own).

name from all credits and advertising, they also substituted a name of their own choosing. Appellees' alleged conduct therefore amounts to *express* reverse passing off. As a matter of policy, such conduct, like traditional palming off, is wrongful because it involves an attempt to misappropriate or profit from another's talents and workmanship. Moreover, in reverse palming off cases, the originator of the misidentified product is involuntarily deprived of the advertising value of its name and of the goodwill that otherwise would stem from public knowledge of the true source of the satisfactory product. *See* Borchard, *supra*, at 4; 1 J. McCarthy, *supra*, § 3:5; F. Schechter, *The Rational Basis of Trademark Protection*, 22 Trademark Bull. 139, 144–45 (1927), reprinted in 60 Trademark Rep. 334, 337 (1970). The ultimate purchaser (or viewer) is also deprived of knowing the true source of the product and may even be deceived into believing that it comes from a different source. Borchard, *supra*, at 4–5.

In the film industry, a particular actor's performance, which may have received an award or other critical acclaim, may be the primary attraction for movie-goers. Some actors are said to have such drawing power at the box office that the appearance of their names on the theater marquee can almost guarantee financial success. Such big box office names are built, in part, through being prominently featured in popular films and by receiving appropriate recognition in film credits and advertising. Since actors' fees for pictures, and indeed, their ability to get any work at all, is often based on the drawing power their name may be expected to have at the box office, being accurately credited for films in which they have played would seem to be of critical importance in enabling actors to sell their "services," i. e., their performances.

We therefore find that appellant has stated a valid claim for relief under section 43(a) of the Lanham Act.[6]

### B. Standing under the Lanham Act

■ As an alternative ground for dismissal, the district court raised the issue of the plaintiff's standing to sue, on the ground that appellant was "not in any sort of competition" with the defendants. On this appeal, appellees contend that appellant has no standing to sue under the Lanham Act since appellant is not a member of a "purely commercial class." We reject this argument and hold that appellant is entitled to press his claim for "false representation" in federal court under section 43(a)

On its face, section 43(a) gives standing to sue to "any person who believes that he is or is likely to be damaged." *See L'Aiglon Apparel Co. v. Lana Lobell, Inc.*, 214 F.2d 649, 651 (3d Cir. 1954) ("It seems to us that Congress has defined a statutory civil wrong of false representation of goods in commerce and has given a broad class of suitors injured or likely to be injured by such wrong the right to relief in the federal courts."). The word "person" in section 43(a) includes "juristic persons" (e. g., firms, corporations, unions, and associations) as well as "natural persons." 15 U.S.C. § 1127. Moreover, the plaintiff under section 43(a) need not be in actual competition with the alleged wrongdoer. *See Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 151 (9th Cir.), *cert. denied*, 374 U.S. 830, 83 S.Ct. 1870, 10 L.Ed.2d 1053 (1963); *F.E.L. Publications, Ltd. v. National Conference of Catholic Bishops*, 466 F.Supp. 1034, 1044 (N.D.Ill.1978); *Mortellito v. Nina of California, Inc.*, 335 F.Supp. 1288, 1294 (S.D.N.Y.1972).

---

6. In a case involving very similar facts, the district court denied a motion to dismiss and ruled orally that a cause of action for unfair competition under section 43(a) had been stated. *See Perin Film Enterprises v. TWG Productions*, 400 P.T.C. Journ. (10–19–78) A–13 (S.D.N.Y.1978). The plaintiff had served as executive producer of the television series "For You ... Black Woman." During the second year of production, after having served as executive producer of the first 22 shows, plaintiff was dismissed and received no credit for his services. Instead, the name of employee of the show's underwriter was substituted as the "executive in charge of production." The parties entered into settlement negotiations shortly after the court's ruling, and the ruling was never subsequently embodied in published opinion.

The Second Circuit has ruled that section 43(a) does not give standing to consumers. *Colligan v. Activities Club of New York, Ltd.*, 442 F.2d 686 (2d Cir.), *cert. denied*, 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971). This reading of section 43(a) has been sharply criticized. *See, e. g.*, 2 J. McCarthy, *supra*, § 27:5. At any rate, however, it is clear that appellant, as one in the business of providing his talents for use in the creation of an entertainment product, is uniquely situated to complain of injury resulting from a film distributor's misidentification of appellant's contribution to the product. According to one commentator, the "dispositive question" as to a party's standing to maintain an action under section 43(a) is whether the party "has a reasonable interest to be protected against false advertising." 1 R. Callman, *supra*, § 18.2(b), at 625 (3d ed. 1967). *See also New West Corp. v. NYM Co. of Calif., Inc.*, 595 F.2d 1194, 1198 (9th Cir. 1979). The vital interest of actors in receiving accurate credit for their work has already been described. Accordingly, we hold that appellant has standing to sue in federal court based on defendants' alleged violation of section 43(a).

## II. *State Law Claims*

In addition to the claim under section 43(a), appellant's complaint alleged claims under state law for breach of contract, "false light publicity," and commercial appropriation of a person's likeness under Cal. Civ.Code § 3344. Since we are reversing the dismissal of appellant's Lanham Act claim, the dismissal for lack of jurisdiction of appellant's state law claims is also reversed. "One important benefit of section 43(a) is that it grants federal question jurisdiction totally apart from federal diversity jurisdiction." 2 J. McCarthy, *supra*, § 27:6.-A. Thus, once in federal court under section 43(a), a plaintiff can allege related claims of unfair competition under common law and any available state statutory provisions.

## CONCLUSION

As the district court stated, a section 43(a) claim may be based on practices or conduct "economically equivalent" to palming off. We find that appellant did state such a claim by alleging that defendants engaged in conduct amounting to "express reverse palming off." Since appellant also has standing to sue under section 43(a), the district court's dismissal of the complaint for failure to state a federal claim is reversed. The dismissal of the pendent state law claims is also reversed. *Reversed and remanded.*