892 F.2d 1047
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED COMMERCIAL INSURANCE SERVICE, INCORPORATED, dba
United Checkwriter Services; Burton D. Rayden;
Jeffrey L. Rayden; Joel Rayden,
Plaintiffs-Appellees,
v.
The PAYMASTER CORPORATION, Defendant,
and
American Bankers Insurance Company of Florida, Inc.,
Defendant-counter-claimant-Appellant.
 No. 87-6020.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1989.
Decided Jan. 8, 1990.
 
 Before HUG, CANBY and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal by American Bankers Insurance Company of Florida ("ABIC") is from the judgment entered on the jury verdict awarding compensatory and punitive damages to Paymaster. ABIC timely moved for a judgment notwithstanding the verdict ("JNOV") or, in the alternative, for a new trial, which motion was denied. ABIC appeals the denial of the motion and the underlying judgment. Although an indemnity claim by ABIC against United Commercial Insurance Service ("UCIS") remains to be litigated, we have appellate jurisdiction because the district court entered a final judgment pursuant to Fed.R.Civ.P. 54(b).
 
 I.
 
 3
 ABIC contends it was entitled to a JNOV because Paymaster's damage evidence improperly attributed all of Paymaster's alleged damages to the actions of UCIS and ABIC despite substantial evidence of other factors causing its losses. ABIC contends that Paymaster's damage model failed to account for several factors unrelated to the alleged unfair competition conduct of UCIS and ABIC. This argument is principally grounded on ILC Peripherals Leasing Corp. v. International Business Machs. Corp., 458 F.Supp. 423, 434-36 (N.D.Cal.1978), aff'd per curiam sub nom. Memorex Corp. v. International Business Machs. Corp., 636 F.2d 1188 (9th Cir.1980), cert. denied, 452 U.S. 972 (1981).
 
 
 4
 The district court noted the substantial evidence which supported the verdict on causation and damages. Expert witnesses addressed each of the factors urged by defendants, as well as other potential factors, and concluded that they did not adequately account for lost sales. To the extent that there was conflicting testimony concerning all of these factors and their effect on Paymaster's sales, the jury was entitled to resolve the conflict.
 
 II.
 
 5
 As a separate challenge to denial of JNOV, ABIC argues that the damage verdict is speculative because Paymaster failed to allocate damages among its claims. ABIC relies again on ILC, 458 F.Supp. at 434, for this contention. Allocation of damages among the claims is not required where, as here, there is substantial evidence that the damages could only be caused by wrongful activity. See Litton Sys., Inc. v. American Tel. & Tel. Co., 700 F.2d 785, 825 (2d Cir.1983) (citing ILC and noting that "damage studies are inadequate when only some of the conduct complained of is found to be wrongful and the damage study cannot be disaggregated") (emphasis added), cert. denied, 464 U.S. 1073 (1984).
 
 III.
 
 6
 ABIC argues that denial of JNOV was improper because evidence of actual confusion by only two lost Paymaster customers is insufficient evidence to support the jury's verdict on causation. However, there is substantial evidence in the record that the mailings caused the losses. See Runge v. Lee, 441 F.2d 579, 583-84 (9th Cir.), cert. denied, 404 U.S. 887 (1971).
 
 
 7
 In the instant action, the district court noted the difficulty of proof that "a customer, with no previous exposure to a product (Paymaster), would have purchased the product if his initial impression had not been shaped by false comparisons [from the blanket mailings]." In denying the motion for JNOV, the district court found there was substantial evidence of causation based on: (1) a damage study of sales patterns showing a "substantial deviation" from historical sales levels at the start of the damage period; (2) testimony of Paymaster chairman Robert E. Lewis, Sr., on actual customer confusion; (3) the negative effect on Paymaster sales from the UCIS mailings as noted by a Paymaster distributor and subdistributor; (4) the testimony of former customer William Carey; and (5) the testimony of Paymaster's expert witness, Dr. Gerald Ford. The district court correctly noted that "[i]t was the responsibility of the jury to evaluate the weight and credibility of the conflicting evidence on causation" and "not the function of the Court, on a motion for Judgment Notwithstanding the Verdict, to reweigh the evidence." See Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986). See also Wilcox v. First Interstate Bank, 815 F.2d 522, 524 (9th Cir.1987); William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc., 668 F.2d 1014, 1026 (9th Cir.1981), cert. denied, 459 U.S. 825 (1982). ABIC's arguments on appeal are unavailing to the extent they go to the weight of the evidence and credibility of the witnesses.
 
 IV.
 
 8
 ABIC also appeals the denial of its motion for JNOV on the ground that Paymaster failed to establish a "protected interest" which ABIC contends is required under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The Lanham Act, section 43(a), establishes a federal claim against "a false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same." Along with the "eliminat[ion of] deceitful practices in interstate commerce involving the misuse of trademarks," this provision seeks "to eliminate other forms of misrepresentation which are of the same general character even though they do not involve any use of what can technically be called a trademark." Federal-Mogul-Bowers Bearings, Inc. v. Azoff, 313 F.2d 405, 409 (6th Cir.1963) (quoted in Smith v. Montoro, 648 F.2d 602, 605 n. 3 (9th Cir.1981)). See also L & L White Metal Casting Corp. v. Joseph, 387 F.Supp. 1349, 1356 (E.D.N.Y.1975) ("The purpose of [section 43(a) ] was to create a new federal cause of action for false representation of goods in commerce in order to protect persons engaged in commerce from, among other things, unfair competition, fraud and deception which had theretofore only been protected by common law;" this federal protection extends to "other forms of misrepresentation and unfair competition not involving 'palming off.' ") (quoted in Smith v. Montoro, 648 F.2d 602, 604 (9th Cir.1981)).
 
 
 9
 It is well-settled in our circuit that "registration of a trademark or service mark is not a prerequisite for recovery under section 43(a)." Montoro, 648 F.2d at 605. There was substantial evidence to support the Lanham Act claim that the direct mail solicitations contained false representations concerning the origin of the services offered. A jury could reasonably find from the evidence that the invoice-designed document established a false impression that it originated from Paymaster. Paymaster was not required to establish the infringement of a "protected interest" in the nature of a trademark in order to support its section 43(a) claim. Because of the broad reading given to section 43(a) under prevailing case law, the district court properly denied ABIC's motion for JNOV.
 
 V.
 
 10
 ABIC also appeals the denial of its motion for JNOV on the ground that the jury could not have found "likelihood of confusion," an essential element to a section 43(a) claim. See, e.g., Accuride Int'l, Inc. v. Accuride Corp., 871 F.2d 1531, 1533-34 (9th Cir.1989); Clamp Mfg. Co. v. Enco Mfg. Co., Inc., 870 F.2d 512, 518 (9th Cir.1989), cert. denied, 110 S.Ct. 202 (1989); Levi Strauss & Co v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir.1985) (en banc).
 
 
 11
 We conclude that the jury verdict on this issue was supported by substantial evidence. In denying ABIC's motion for JNOV, the district court noted: (1) the expert testimony of Dr. Ford that the solicitations were intentionally designed to confuse; (2) the testimony of Paymaster customers of their actual confusion; (3) customer letters indicating their confusion; (4) the testimony of a former UCIS employee of the actual confusion indicated by 50% of those contacted by telephone sales calls; (5) the jury could find confusion likely in the method of marketing by soliciting on a form that appeared to be an invoice; (6) and that the jury may have placed greater credence in the direct evidence of Paymaster than the circumstantial evidence of UCIS. We agree with these observations.
 
 VI.
 
 12
 ABIC argues that the district court abused its discretion in excluding evidence that Paymaster violated certain state insurance laws. ABIC asserts that the damage award cannot be comprised of any profits resulting from this alleged unlawful conduct. For this contention, ABIC principally relies on First Beverages, Inc. v. Royal Crown Cola Co., 612 F.2d 1164 (9th Cir.), cert. denied, 447 U.S. 924 (1980), an antitrust case. This argument that the evidence should have been admitted on this ground was not presented to the trial court.
 
 
 13
 It is well-settled that we will not consider arguments on appeal which were not raised before the district court, absent a showing of exceptional circumstances. See, e.g., Villar v. Crowley Maritime Corp., 782 F.2d 1478, 1483 (9th Cir.1986); International Union of Bricklayers & Allied Craftsmen Local Union No. 20, AFL-CIO v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985). We find no such exceptional circumstances here.
 
 VII.
 
 14
 ABIC appeals the denial of its motion for a new trial on punitive damages. The jury found ABIC liable for $2,361,000 in punitive damages on the state law claims. ABIC contends that the district court incorrectly applied one of the factors enumerated by the California Supreme Court in Neal v. Farmers Ins. Exch., 21 Cal.3d 910, 928, 148 Cal.Rptr. 389, 399 (1978), because the award was excessive in relation to ABIC's wealth.
 
 
 15
 A denial of a motion for a new trial is reviewed under the abuse of discretion standard. Ah Moo v. A.G. Becker Paribas, Inc., 857 F.2d 615, 619 (9th Cir.1988). An award of punitive damages will not be overturned "unless it appears that the jury was influenced by passion or prejudice." Transgo, 768 F.2d at 1024; see also Neal, 21 Cal.3d at 927, 148 Cal.Rptr. at 399.
 
 
 16
 The California Supreme Court has enumerated three factors to be considered in the awarding of punitive damages: (1) the nature of the defendant's acts; (2) the amount of compensatory damages awarded; and (3) the wealth of the defendant. Neal, 21 Cal.3d at 928 (cited in Professional Seminar Consultants, Inc. v. Sino American Technology Exch. Council, Inc., 727 F.2d 1470, 1473 (9th Cir.1984)).
 
 
 17
 ABIC contends that the district court failed properly to apply the Neal factors and, instead, created its own erroneous standard, holding that it would not remit the award because ABIC had failed to demonstrate that the size of the award would affect ABIC's ability to maintain its operation. As presented, this issue involves the third Neal factor concerning the wealth of the defendant. "Net worth generally is considered the best measure of a defendant's 'wealth' for purposes of assessing punitive damages." Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc., 155 Cal.App.3d 381, 391, 202 Cal.Rptr. 204, 210 (Cal.Ct.App.1984) (citation omitted).
 
 
 18
 The district court correctly noted that under California law the defendant has the burden of introducing evidence concerning its financial condition in order to preserve a challenge to the amount of the award. Vossler v. Richards Mfg. Co., Inc., 143 Cal.App.3d 952, 964, 192 Cal.Rptr. 219, 226 (Cal.Ct.App.1983). The district court found that ABIC did not present evidence of its present net worth, most current earnings, future earnings prospects, or the financial effect on the company of a damage award. Because ABIC failed to meet its burden under Vossler, the district court did not abuse its discretion in denying the motion for a new trial on punitive damages under ABIC's first argument. See, e.g., Greenfield v. Spectrum Inv. Corp., 174 Cal.App.3d 111, 124, 219 Cal.Rptr. 805, 813 (Cal.Ct.App.1985).
 
 
 19
 ABIC also contends that the punitive damages award was excessive in relation to its wealth. The district court found the punitive damages award against ABIC "clearly large" but "not clearly excessive." As already noted, the record did not contain evidence of ABIC's current net worth.
 
 
 20
 We conclude that the district court did not abuse its discretion in denying the new trial, as there is no basis for finding that the district court abused its discretion by finding the punitive damages were not excessive.
 
 
 21
 We affirm the judgment and the order of the district court denying the JNOV and the motion for new trial.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3