99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur A. JACOBS; Anthony Lawrence, Plaintiffs-Appellants,
v.
TRANSOCEAN ENTERTAINMENT, a California corporation; Earl
Berman, individually and d/b/a Concept International;
Esther G. Freifeld, individually and d/b/a Concept
International; Coral Productions N.V., a Netherlands
Antilles corporation; Michael Roy; Brainscan (North
America) Productions, Inc., a Delaware corporation; Triumph
Releasing Corporation, a Delaware corporation; Summit
Entertainment, L.P., a California limited partnership; the
Franco/Kiwi Alliance, Inc., a California corporation,
Defendants-Appellees.
Arthur A. JACOBS; Anthony Lawrence, Plaintiffs-Appellants,
v.
TRANSOCEAN ENTERTAINMENT, a California corporation, Defendant,
and
Earl Berman, individually, d/b/a Concept International;
Coral Productions N.V.; Brainscan (North America)
Productions, Inc.; Triumph Releasing Corporation; Summit
Entertainment, L.P.; the Franco/Kiwi Alliance, Inc.,
Defendants-Appellees.
 Nos. 95-55804, 95-56762.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Oct. 22, 1996.
 
 Before: BRUNETTI, TROTT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arthur A. Jacobs and Anthony Lawrence appeal the district court's dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure of their individual and shareholder derivative claims under the Copyright and Lanham Acts against Transocean Entertainment ("Transocean"), former Transocean officers Earl Berman and Esther Freifeld, Concept International ("Concept"), and Coral Productions, N.V. ("Coral"), among others. We reverse as to the Copyright Act claims but affirm as to the Lanham Act claims.
 
 STANDARD OF REVIEW
 
 3
 We review a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) de novo. Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). We assume all material factual allegations to be true and construe them in the light most favorable to the non-moving party. Id. The complaint should be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 COPYRIGHT ACT CLAIMS
 
 4
 The district court concluded that Jacobs and Lawrence did not have standing to assert copyright claims because they were mere holders of an unexercised and expired option. The court reasoned that this type of interest could not confer beneficial copyright ownership on Jacobs and Lawrence and dismissed their complaint for lack of standing.
 
 
 5
 If the plaintiffs' claims were founded on the expired option, we would agree with the district court. However, the district court misapprehended their theory. Jacobs and Lawrence do not allege beneficial copyright ownership by virtue of the expired option. They contend that an improperly usurped corporate opportunity deprived them of acquiring a second option and that they are the owners of the copyright by virtue of a constructive trust.
 
 
 6
 The Copyright Act provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Jacobs and Lawrence argue that Transocean should become the beneficiary of a constructive trust imposed upon Coral because Berman and Freifeld usurped Transocean's corporate opportunity by purchasing and transferring to Coral an option to purchase the movie rights to a screenplay entitled "Brainscan." Pursuant to the constructive trust, Jacobs and Lawrence seek full legal ownership or beneficial ownership of the copyright. Given this theory, and assuming the facts asserted in the complaint to be true, we must determine whether it is beyond doubt that Jacobs and Lawrence would not be able to prove any set of facts entitling them to relief.
 
 
 7
 California law governs our inquiry because Transocean is a California corporation. Davis & Cox v. Summa Corp., 751 F.2d 1507, 1527 (9th Cir.1985). When a corporate officer seizes for himself a business opportunity his corporation could have exploited, called a "corporate opportunity," the court may impose a constructive trust in favor of the corporation upon any property that was the subject of the opportunity. See Industrial Indem. Co. v. Golden State Co., 117 Cal.App.2d 519, 533, 256 P.2d 677, 686 (1953). See also Cal.Civ.Code § 2224 (West 1985); MacIsaac v. Pozzo, 81 Cal.App.2d 278, 284-85, 183 P.2d 910, 914 (1947) (citing Guth v. Loft, 5 A.2d 503, 511 (Del.1939)). The holder of property impressed with a constructive trust, the "trustee," holds that property for the benefit of the rightful owner, the "beneficiary," to whom he must transfer legal ownership. Kraus v. Willow Park Pub. Golf Course, 73 Cal.App.3d 354, 373, 140 Cal.Rptr. 744, 756 (1977) (quoting Cal.Civ.Code § 2224 (West 1985)). See also Calistoga Civic Club v. City of Calistoga, 143 Cal.App.3d 111, 117, 191 Cal.Rptr. 571, 576 (1983). A constructive trust imposed on property will attach to the property in its original form, to the property in a substituted form, or to the product of the property. People v. California Safe Deposit & Trust Co., 175 Cal. 756, 759, 167 P. 388, 389 (1917). However, a trust can only be imposed over property the party seeking to establish the trust can prove is held by a person who did not purchase it without notice of any fraud as a bona fide purchaser for value. Firato v. Tuttle, 48 Cal.2d 136, 138, 308 P.2d 333, 334 (1957); Church v. Bailey, 90 Cal.App.2d 501, 504, 203 P.2d 547, 549 (1949).
 
 
 8
 We find that the Jacobs and Lawrence have plead facts sufficient to withstand a motion to dismiss for lack of standing under Rule 12(b)(6). They have alleged facts which, if proven, might afford them enough of an economic interest to sue as legal or beneficial owners of the Brainscan copyright, should the trust be imposed and Coral ordered to transfer title to them. See 2 Paul Goldstein, Copyright § 13.5.1.2, at 13:40-41 (2d ed. 1996). The fact that copyright ownership rights must be established under state law is not fatal to federal jurisdiction. Vestron v. Home Box Office, 839 F.2d 1380, 1382 (9th Cir.1988).
 
 
 9
 We do not imply by this decision that the district court is precluded from revisiting these issues, or others, on a motion for summary judgment after full discovery. There would appear to be many hurdles to recovery in this case, including the plaintiffs' apparent confusion as to whether they are seeking beneficial or legal copyright ownership. The district court may require the plaintiffs to amend their complaint to clarify this issue. Nonetheless, the complaint's allegations are sufficient to survive a Rule 12(b)(6) motion.
 
 
 10
 In light of this conclusion, we reverse the award of attorneys' fees under 17 U.S.C. § 505.
 
 LANHAM ACT CLAIMS
 
 11
 Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), renders a person liable for false representations or designations of origin in connection with the advertising and sale of goods or services. Smith v. Montoro, 648 F.2d 602, 603 (9th Cir.1981). This section reaches two kinds of unfair competition: (1) "palming off" or "passing off," which occurs when a person sells goods or services he created as having been created by another; and (2) false advertising about the goods or services of the advertiser. Lamothe v. Atlantic Recording Corp., 847 F.2d 1403, 1406 (9th Cir.1988). "Reverse palming off," also actionable under § 43(a), is accomplished when a person sells another's product or service as his own, such as by giving acting credit in a movie to someone other than the actor who performed the role. See Montoro, 648 F.2d at 605, 606-07.
 
 
 12
 The purpose of the Lanham Act is to prevent people from misleading the public by placing their competitors' work forward as their own. Shaw v. Lindheim, 919 F.2d 1353, 1364 (9th Cir.1990). "The dispositive question is whether the party has a reasonable interest to be protected against false advertising." Montoro, 648 F.2d at 605 (quoting New West Corp. v. NYM Co. of California, 595 F.2d 1194, 1198 (9th Cir.1979)).
 
 
 13
 The Lanham Act does not give Transocean, Jacobs or Lawrence the right to claim credit for work they simply did not do. The services Jacobs and Lawrence allege they performed in furthering the production of Brainscan do not, as a matter of law, give rise to a claim of "reverse palming off" on the part of those who did produce Brainscan. The district court properly dismissed the Lanham Act claims.
 
 MOTION TO DISQUALIFY
 
 14
 We review a district court decisions involving disqualification of attorneys for abuse of discretion. Paul E. Iacono Structural Eng'r, Inc. v. Humphrey, 722 F.2d 435, 438 (9th Cir.), cert. denied, 464 U.S. 851, 104 S.Ct. 162, 78 L.Ed.2d 148 (1983).
 
 
 15
 Jacobs and Lawrence argue that the counsel representing all the defendants should be disqualified because the defendants have conflicts with one another in the form of unasserted cross-claims for indemnity. Jacobs and Lawrence rely on Rice v. Baron, 456 F.Supp. 1361, 1374-76 (S.D.N.Y.1978). More on point is Agee v. Paramount Communications, Inc., 853 F.Supp. 778 (S.D.N.Y.1994), aff'd in part on other grounds, rev'd in part on other grounds, 59 F.3d 317 (2d Cir.1995), in which the Court found that the existence of express indemnity agreements evaporated conflict of interest concerns. Moreover, it is questionable whether Jacobs and Lawrence should have standing to move to disqualify opposing counsel on the basis that opposing counsel's joint clients have conflicts with one another. See 1 Geoffrey C. Hazard, Jr. & W. William Hodes, The Law of Lawyering: A Handbook on the Model Rules of Professional Conduct § 1.7:103, at 230, § 1.7:307, at 256.11 n. 3 (2d ed. 1996).
 
 CONCLUSION
 
 16
 We REVERSE the dismissal of the plaintiffs' Copyright Act claims and the award of attorneys' fees under 17 U.S.C. § 505 but AFFIRM the dismissal of their Lanham Act claims. All parties shall bear their own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3