**Melvin OTT, Plaintiff–Appellant,**

v.

**INGENIX, INC., Defendant–Appellee.**

No. 08–35907.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2009.*

Filed Oct. 23, 2009.

George Martin Ahrend, Dano Gilbert & Ahrend PLLC, Moses Lake, WA, for Plaintiff–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Barbara J. Duffy, Andrew G. Yates, Ryan P. McBride, Lane Powell, PC, Seattle, WA, for Defendant–Appellee.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,\*\* District Judge.

MEMORANDUM \*\*\*

Melvin Ott ("Ott") appeals the district court's grant of summary judgment in favor of Ingenix, Inc. ("Ingenix") on his claims for false association under section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

Ott's claims are premised entirely on Ingenix's use of his name and resume in its submission of a bid for a contract with the state of Montana. Ott alleges that Ingenix violated section 43(a)(1)(A) by falsely representing that he would serve as a consultant to Ingenix in the event Montana hired it to perform the contract.

Section 43(a)(1)(A) "forbids the use of false designations of origin and false descriptions or representations in the advertising and sale of goods and services." *Smith v. Montoro,* 648 F.2d 602, 603 (9th Cir.1981). "[I]n order to satisfy standing" under section 43(a)(1)(A), a plaintiff must "allege commercial injury based upon the

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.

deceptive use of a trademark or its functional equivalent." *Barrus v. Sylvania,* 55 F.3d 468, 469–70 (9th Cir.1995) (citing *Waits v. Frito–Lay, Inc.,* 978 F.2d 1093, 1109 (9th Cir.1992)). Because Ott has failed to establish that either his name or his professional identity constitutes a "trademark" or the "equivalent of a trademark" (either through secondary meaning or otherwise), we conclude that he cannot demonstrate the requisite commercial injury to establish standing. *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.,* 407 F.3d 1027, 1037 (9th Cir. 2005).

**AFFIRMED.**

---

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.