MEMORANDUM ***
Melvin Ott (“Ott”) appeals the district court’s grant of summary judgment in favor of Ingenix, Inc. (“Ingenix”) on his claims for false association under section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
Ott’s claims are premised entirely on Ingenix’s use of his name and resume in its submission of a bid for a contract with the state of Montana. Ott alleges that Ingenix violated section 43(a)(1)(A) by falsely representing that he would serve as a consultant to Ingenix in the event Montana hired it to perform the contract.
Section 43(a)(1)(A) “forbids the use of false designations of origin and false descriptions or representations in the advertising and sale of goods and services.” Smith v. Montoro, 648 F.2d 602, 603 (9th Cir.1981). “[I]n order to satisfy standing” under section 43(a)(1)(A), a plaintiff must “allege commercial injury based upon the *343 deceptive use of a trademark or its functional equivalent.” Barrus v. Sylvania, 55 F.3d 468, 469-70 (9th Cir.1995) (citing Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1109 (9th Cir.1992)). Because Ott has failed to establish that either his name or his professional identity constitutes a “trademark” or the “equivalent of a trademark” (either through secondary meaning or otherwise), we conclude that he cannot demonstrate the requisite commercial injury to establish standing. See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc., 407 F.3d 1027, 1037 (9th Cir.2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts of this case, we repeat them here only as necessary to the disposition of this case.