**THORN, Philip A.,** Appellant

v.

**RELIANCE VAN COMPANY, INC., Welsh, Thomas, Weatherley, Charles A., Bailey, Emma M., and O'Neal, N.A. Michael, Jr.**

No. 83–1525.

United States Court of Appeals, Third Circuit.

Argued March 5, 1984.
Decided June 18, 1984.

Donald K. Joseph (argued), William P. Thorn, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for appellant.

Michael J. Rowley (argued), Stack & Gallagher, P.C., Philadelphia, Pa., for appellees, Reliance Van Co., Inc., Thelma Jean Welsh, Administratrix of the Estate of Thomas Welsh, deceased, and N.A. Michael O'Neal, Jr.

Charles A. Weatherley, Springfield, Pa., pro se appellee.

Before ALDISERT and HIGGINBOTHAM, Circuit Judges, and LATCHUM, District Judge.*

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This is an appeal from the dismissal of an investor's false advertising action brought under section 43(a) of the Lanham Trademark Act of 1946 ("the Act"), 15 U.S.C. § 1125(a), on the ground that he lacked standing.[1]

In this case the plaintiff-investor alleged with specificity a section 43(a) violation and a resulting injury, thus satisfying any relevant standing requirements. We believe that a plain language interpretation of section 43(a) indicates that one need not be a competitor in order to bring a false advertising claim under section 43(a). Therefore, we will reverse the judgment of the district court and will remand this case for further proceedings.

### I.

Plaintiff-appellant, Philip A. Thorn ("Thorn"), initiated this action to recover damages allegedly caused by the false advertising of defendant-appellees, Reliance Van Company ("Reliance") and its officers and directors, Thomas Welsh ("Welsh"), Charles A. Weatherley ("Weatherley"), Emma M. Bailey ("Bailey"), and Michael O'Neal, Jr. ("O'Neal").

Thorn had entered into a contract with Welsh and Weatherley for the formation of Florida-Eastern U.S. Van Lines, Inc. ("Florida-Eastern") a now bankrupt motor-carrier. Florida-Eastern was formed to transport household goods between the Philadelphia area and Florida. As part of his capital contribution to the new enterprise, Thorn agreed to transfer to Florida-Eastern his solely-owned booking agent business which focused on the transport of household goods between Philadelphia and Florida while Welsh and Weatherley were obligated to make financial contributions. The terms of incorporation named Thorn president, chief-executive officer and a di-

---

* Honorable James L. Latchum, United States District Court for the District of Delaware, sitting by designation.

1. Throughout the hearing below, the district court spoke both in terms of dismissal for lack of subject matter jurisdiction and dismissal because plaintiff-appellant had no standing under section 43(a). Apparently, the confusion is created by the contingency of federal subject matter jurisdiction under section 39 of the Act, 15 U.S.C. § 1121, being set on an individual's ability to bring an action under section 43(a). We believe the issue is more accurately phrased as one of standing.

rector of Florida-Eastern. Welsh, Weatherley and Bailey also were three of the directors of Florida-Eastern.

Thorn owned forty-five percent of the outstanding stock in Florida-Eastern. Welsh, a shareholder in Florida-Eastern, also was the sole owner and shareholder of Reliance Van Co., Inc. Bailey, while on the Board of Directors of Florida-Eastern, was also employed by Reliance. Defendant-appellee Michael O'Neal, Jr. was the general manager and vice-president of Reliance. Unlike Florida-Eastern, Reliance had no authority to transport household goods to Florida.

Thorn remained president of Florida-Eastern until October 9, 1981 when he was removed by Welsh, Weatherley and Bailey. This action followed.

Thorn brought suit against Welsh, Weatherley, Bailey, O'Neal and Reliance alleging both state law breaches of contract and fiduciary duties, and a violation of section 43(a) of the Lanham Act. Specifically, Thorn alleged (1) that Reliance, under the direction of Welsh, entered into direct competition with Florida-Eastern before obtaining permission from the Interstate Commerce Commission to ship goods to Florida;[2] (2) that Reliance falsely advertised reduced rates in the yellow pages and (3) that Reliance used a Florida-Eastern slogan in these ads.

Thorn maintains that the false advertising caused injury to Florida-Eastern and led to the company's bankruptcy. · He also maintains that, as a result of these ads, he suffered harm individually with regard to his investment. The trustee in bankruptcy, however, refused to bring an action on behalf of Florida-Eastern, and therefore the district court dismissed the suit because it found that Thorn had "no interest in [Florida-Eastern's] rights under the Lanham Act...." Appendix ("App.") at 214.

## II.

The sole issue addressed on this appeal is whether Thorn as an individual investor has standing to maintain an action under section 43(a) of the Lanham Act.[3]

### A.

Section 43(a) of the Lanham Act provides that an action may be brought

> by any person doing business in the locality falsely indicated as that of origin or in the region in which said locality is situated, or by any person who believes that he is or is likely to be damaged by the use of any such false description or representation.

15 U.S.C. § 1125(a).

Section 43(a), on its face, recognizes two distinct classes of persons entitled to sue: (1) competitors—those doing business in the locality, and (2) non-competitors—those who believe they are somehow damaged by the false representations. The traditional plaintiff under section 43(a) has been a competitor who was injured in his line of business as a result of the false advertising. *Spring Mills, Inc. v. Ultracashmere House, Ltd.*, 689 F.2d 1127 (2d Cir.1982); *Mortellito v. Nina of California, Inc.*, 335 F.Supp. 1288 (S.D.N.Y.1972); *Gold Seal Co. v. Weeks*, 129 F.Supp. 928 (D.D.C.1955), *aff'd sub nom. S.C. Johnson & Son, Inc. v. Gold Seal Co.*, 230 F.2d 832 (D.C.Cir.), *cert. denied*, 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956). Thorn, however, in his capacity as an officer, director and shareholder of Florida-Eastern was not a competitor of Reliance. The question then is whether Thorn as an investor falls within the class of *non-competitors* enti-

---

**2.** Reliance had filed an application with the ICC, but the application was not approved until after Reliance had entered into direct competition with Florida-Eastern.

**3.** We do not address the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, claim which Thorn attempted to plead during the hearing below. It was well within the district court's discretion to deny a RICO allegation not pleaded in the complaint. In refusing Thorn permission to amend the complaint the day before trial, the district court noted that the Federal Rules of Civil Procedure require special pleading with particularity when fraud is averred. App. at 211–12.

tled to bring an action. In addressing this question we turn first to the relevant statutory language.

"There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982), citing *United States v. American Trucking Associations*, 310 U.S. 534, 543, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940) and *Caminetti v. United States*, 242 U.S. 470, 490, 37 S.Ct. 192, 196, 61 L.Ed. 442 (1917). "Absent a clearly expressed legislative contention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Here, we find no ambiguity in the language and no contrary legislative intent. We, therefore, have no occasion to "look beyond the plain language of the federal statute...." *Aloha Airlines, Inc. v. Director of Taxation of Hawaii*, — U.S. —, 104 S.Ct. 291, 294, 78 L.Ed.2d 10 (1983).

Under a plain meaning interpretation of section 43(a) it is this court's function to grant standing to Thorn if he is a person [4] who believes that he has been damaged by Reliance's use of false representations. Dictum in a 1954 decision of this court supports this plain meaning interpretation. In *L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.*, 214 F.2d 649 (3d Cir.1954), this court noted that

> Congress has defined a statutory civil wrong of false representation of goods in commerce and has given a broad class of suitors injured or likely to be injured by such wrong the right to relief in the federal courts.

*Id.* at 651.

This statement was quoted with approval in a recent Ninth Circuit opinion which noted that "[o]n its face, section 43(a) gives standing to sue to 'any person who believes that he is or is likely to be damaged.'" *Smith v. Montoro*, 648 F.2d 602, 607 (9th Cir.1981). In *Smith*, the court gave a plain meaning interpretation to section 43(a), and granted standing to an actor, even though the actor was not in competition with the defendants and was not a member of a "purely commercial class." *Id.* See also *Yameta Co. v. Capitol Records, Inc.*, 279 F.Supp. 582 (S.D.N.Y.), *vacated on other grounds*, 393 F.2d 91 (2d Cir.1968); *Eastman Kodak Co. v. Royal-Pioneer Paper Box Mfg. Co.*, 197 F.Supp. 132 (E.D.Pa. 1961); and *Bose Corp. v. Consumer Union of U.S.*, 181 U.S.P.Q. 543 (D.C.Mass.1974).] The most significant case rejecting a plain meaning interpretation of section 43(a) is *Colligan v. Activities Club of New York, Ltd.*, 442 F.2d 686 (2d Cir.) *cert. denied*, 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971). In *Colligan*, the Second Circuit held that consumers could not maintain a class action under section 43(a) of the Lanham Act. 442 F.2d at 689. Although the court acknowledged that a plain meaning interpretation of that section would permit consumers to sue under the statute, the court reasoned that congressional intent, as evidenced in section 45 of the Act, limited protection to interests of "a purely commercial class against unscrupulous commercial conduct." *Id.* at 692. The primary reason articulated for denying consumer standing was that an expansive reading would further flood the already overcrowded federal courts. *Id.* at 693.

We reject the *Colligan* decision to the extent that it is contrary to the plain meaning rule as set out by the Supreme Court in *Caminetti v. United States*, 242 U.S. at 485, 37 S.Ct. at 194, and *Aloha Airlines, Inc. v. Director of Taxation of Hawaii*, — U.S. at —, 104 S.Ct. at 294.[5]

---

**4.** Section 45 of the Act, 15 U.S.C. § 1127, defines the word "person" as used in section 43(a) to include natural persons as well as juristic entities such as firms, corporations, unions, and so on.

**5.** The Second Circuit's restrictive reading of section 43(a) is contrary to the widely-held view that as a remedial statute, this section should be broadly construed. *See e.g., Better Business Bureau of Metropolitan Houston, Inc. v. Medical*

In any event, the instant case is readily distinguishable from *Colligan* since Thorn seeks standing not as a consumer, but instead as an investor in a bankrupt corporation controlled by individuals who allegedly conspired to injure that corporation through false advertising.

We thus find that the mere fact that Thorn is not a competitor of Reliance does not, in and of itself, preclude him from bringing suit under section 43(a). We now turn to whether there are any prudential reasons which support a judicial determination that Thorn is without standing in the instant matter.

### B.

■ Having concluded that the plain language of the statute gives Thorn, a noncompetitor, the right to sue for harm caused by the false representation of services in commerce, we believe that "the 'dispositive question' as to a party's standing to maintain an action under section 43(a) turns on whether the party 'has a reasonable interest to be protected against false advertising.'" *Smith v. Montoro,* 648 F.2d at 608, *quoting* 1 R. Callman, *Unfair Competition Trademarks and Monopolies,* § 18.2(b) at 625 (3d ed. 1967). The Ninth Circuit adopted a prudential requirement that the party seeking standing under section 43(a) must demonstrate a "reasonable interest" to be protected under the statute. This requirement would eliminate frivolous claims and prevent flooding the federal courts with Lanham Act claims contrary to the type envisioned by Congress.

In this case, we find that Thorn in his capacity as an investor has alleged sufficient direct injury resulting from the false advertisements of the defendants and through these allegations has demonstrated a reasonable interest to be protected under section 43(a). Thorn's allegations

claim that he transferred as capital his successful booking business to Florida-Eastern only to watch it decline and end in bankruptcy. Furthermore, he alleges that his investment losses were the result of false representations made by Reliance. Finally, he asserts that his status as a director and a forty-five percent shareholder of Florida-Eastern place him within a forseeable class of persons likely to be injured by the types of false representations alleged in this case.

We therefore conclude that Thorn's allegations are sufficient to establish a reasonable interest protected by section 43(a), and that he has standing as an investor to sue under the Lanham Act. We therefore will reverse the judgment and order of the district court and will remand this matter for trial.

*Directors, Inc.,* 509 F.Supp. 811 (S.D.Tex.1981) and *Ames Publishing Co. v. Walker-Davis Publications, Inc.,* 372 F.Supp. 1 (E.D.Pa.1974). The Ninth Circuit noted in *Smith v. Montoro, supra,* 648 F.2d 602, that the reading accorded section

43(a) in the *Colligan* decision has been "sharply criticized." *Id.* at 608 *citing* 2 J. McCarthy, *Trademarks and Unfair Competition,* § 27:5 (1973).