Lisa JACKSON

v.

**LYNLEY DESIGNS, INC., et al.**

Civ. A. No. 89–2241.

United States District Court,
E.D. Louisiana.

Jan. 24, 1990.

William M. Magee, Mary Devereux Donnelly, Law Office of William M. Magee, Covington, La., for plaintiff.

William W. Edelman, New Orleans, La., for defendants.

ORDER AND REASONS

FELDMAN, District Judge.

Plaintiff Lisa Jackson brings this suit against defendants Lynley Designs, Inc. and its owners, Bruce and Joslyn Jackson, under the Lanham Act, 15 U.S.C. § 1120, alleging that they fraudulently secured trademark registration of the "lisa jackson" name for their line of children's clothing. Defendants now move for summary judgment.

I.

Lynley Designs manufactures children's clothing. It's stock is owned equally by defendant Bruce Jackson and his wife, defendant Joslyn Jackson. In 1979, Lynley Designs began the manufacture and sale of a line of children's clothing under the name of "lisa jackson." The "lisa jackson" label was named after plaintiff Lisa Jackson, the daughter of Bruce Jackson from a previous marriage. Lynley Designs manufactured clothing with the "lisa jackson" label without trademark protection until July 14, 1988, when it sought to obtain trademark protection of the "lisa jackson" name.

During the course of the application process, the Commissioner of Patents and Trademarks required Lynley Designs to provide a form in which the person named "lisa jackson" would consent to the registration of that name by Lynley Designs. The plaintiff, after several requests by defendants, refused.

Lynley Designs finally submitted a consent form to the registration of the "lisa jackson" name which reflected consent given by Melissa Jackson, a minor, through her parents, Bruce and Joselyn Jackson. In the consent form, defendants represented that "lisa" was a nickname for Melissa Jackson. Lynley Designs thereafter obtained trademark registration for the "lisa jackson" name on June 20, 1989.

II.

Plaintiff claims that Lynley Designs secured trademark registration of the "lisa jackson" name through fraud when it represented in its application that the name "lisa" was a family nickname for Melissa Jackson. The Lanham Act creates civil liability for false or fraudulent trademark registration. Section 38 of the Act provides that:

Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

15 U.S.C. § 1120.

Defendants' dispute whether plaintiff has been injured by the registration of the "lisa jackson" name. Defendants claim to have never received the commercial benefit of the registration of the mark by identifying the "lisa jackson" label with either a "TM" or "R" or any other trademark designation. Further, they say, as of October 31, 1989, defendants stopped manufacturing clothing with the "lisa jackson" label. More importantly, defendants contend that Lisa Jackson has never been engaged in business and has never attempted to sell,

market, license, or commercially exploit any product with the "lisa jackson" name.

## III.

Defendants first argument is that plaintiff lacks standing to sue. Though neither the parties nor the Court have found any decisions which directly address the question of standing under Section 38 of the Lanham Act, several helpful cases address standing to bring a civil action under Section 43(a) of the Act.

Section 43(a) provides that suit may be brought by "any person who believes that he is or is likely to be damaged by the use of [a] false description or representation." The plain language of the statute permits a party to maintain an action under Section 43(a) if she "has a reasonable interest to be protected against false advertising." *Thorn v. Reliance Van Co., Inc.*, 736 F.2d 929, 933 (3 Cir.1984). The threshold requirement of demonstrating a "reasonable interest" to be protected under the statute has been adopted by several circuits. *See Dovenmuehle v. Gilldorn Mortg. Midwest Corp.*, 871 F.2d 697 (7 Cir.1989); *Camel Hair and Cashmere v. Associated Dry Goods*, 799 F.2d 6 (1 Cir.1986); *Thorn*, 736 F.2d 929; *Smith v. Montoro*, 648 F.2d 602 (9th Cir.1981). The Fifth Circuit has not spoken to the question.

■ Like Section 43(a), Section 38 provides that an action may be brought by "any person injured" by a falsely or fraudulently procured trademark registration. That person may sue for "any damages sustained in consequence" of a violation of the statute. Thus, Section 38 permits suits not only by a competitor or a member of a purely commercial class, but by any person who is injured by the registration of a trademark by virtue of a false or fraudulent statement or declaration. Therefore, as with Section 43(a), if plaintiff can demonstrate a reasonable interest to be protected against the use of false or fraudulent statements or representations in procuring a trademark registration, she can maintain this suit. But it is not enough for the plaintiff merely to establish fraud in the registration of the trademark. Cases construing Section 43(a), and common sense, suggest she must also show that she sustained some damage in consequence of the fraud; she must indicate an offense to a protected interest.

## IV.

■ The Court finds that Lisa Jackson has not articulated or established sufficient direct injury resulting from the alleged fraudulent representations and, thus, has not demonstrated a reasonable interest to be protected under Section 38. Plaintiff argues, without support, that she has a property right in her name. Assuming that she does have such a right, plaintiff has not shown how this property right was interfered with in the context of the Lanham Act. Lisa Jackson is not engaged in a trade or business which might result in damage to good will. Nor has she ever attempted to commercially exploit her name in any fashion so that defendants' actions have caused her to lose business. In short, plaintiff simply has completely failed to explain how the alleged fraud has injured her.

■ Plaintiff maintains that she is entitled to royalties for the unauthorized use of her name. The one case on which she relies does not support her. In *Landstrom v. Thorpe*, 189 F.2d 46 (8 Cir.1951), the plaintiff, who made and sold jewelry, brought suit against a competitor alleging the fraudulent registration of a trademark and unfair competition. The Court of Appeals held that judgment for plaintiff was improper in the absence of pleading or proof of loss of customers or general loss of business. Here, plaintiff does not assert lost business or unfair competition; she merely claims the right to recover royalties. *Landstrom* does not imply that one who does not attempt to obtain commercial benefit from the use of her name may nevertheless recover royalties from one who fraudulently secures the registration of her name as a trademark.

## V.

In a motion for summary judgment, the moving party is entitled to a judgment as a

matter of law when the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). An essential element of plaintiff's case with respect to which she has the burden of proof is a cognizable injury under the Lanham Act. Without a cognizable injury, plaintiff lacks standing to maintain this action. In her opposition to defendants' motion, she offers no evidence of any damages sustained in consequence of the fraudulently secured trademark registration nor does she establish a basis for recovering royalties. And she has not established a reasonably protectable interest under the Act. Accordingly, because plaintiff has failed to make a showing sufficient to establish the existence of an element essential to her case, the Court must enter summary judgment against the plaintiff.[1]

For the foregoing reasons, defendants' Motion for Summary Judgment is GRANTED and her complaint is dismissed. Judgment will be entered.

---

1. Although it is not necessary to reach the question of estoppel and laches, the Court believes this to be a serious issue as well, since the name has been in commercial use since 1979 and even after plaintiff reached majority. Further, because plaintiff has invoked only this Court's federal question jurisdiction, her pendant state law claims, to the extent it can be said she asserts some, must also be dismissed. *United Mineworkers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Slaughter v. Allstate Insurance Co.*, 803 F.2d 857 (5 Cir. 1986). The dismissal of the state law claims shall be without prejudice.