**Zane MAGUIRE, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**SANDY MAC, INC. d/b/a Sandy Mac Food Company, et al., Defendants.**

Civ. A. No. 90–2043(JEI).

United States District Court, D. New Jersey.

Sept. 30, 1992.

Philip Stephen Fuoco, Haddonfield, N.J., for plaintiff.

Mesirov, Gelman, Jaffe, Cramer & Jamieson by Mark Rosen, Cherry Hill, N.J., for defendants.

OPINION

IRENAS, District Judge:

INTRODUCTION

On August 15, 1991, Judge Brotman issued a published opinion granting plaintiff's motion for class certification with respect to plaintiff's Lanham Act claim and denying certification for the plaintiff's claims under the New Jersey Racketeering Act, RICO, and the New Jersey Consumer Fraud Act. *Maguire v. Sandy Mac, Inc.,* 138 F.R.D. 444 (D.N.J.1991). Judge Brotman found that the plaintiff class of consumers had standing to sue under Section 43(a) of the Lanham Act. 15 U.S.C. § 1125(a). Judge Brotman also found that the plaintiffs had met the requirements for class certification in Rule 23 of the Federal Rules of Civil Procedure.

Presently before the court are cross-motions for summary judgment by plaintiff, Zane Maguire, and defendant, Sandy Mac, Inc. pursuant to Rule 56 of the Federal Rules of Civil Procedure. The defendant has also filed a motion to decertify the class.

Since certain factors necessary for class certification have not been fully addressed at this stage of the proceedings, the defendant's motion to decertify the class is granted without prejudice to the plaintiff to file a motion to recertify and renew discovery limited to the issues discussed herein. The parties' cross-motions for summary judgment are denied since factual issues are still outstanding.

DISCUSSION

I.  CLASS CERTIFICATION

A.  *Requirements for Class Certification*

■ The requirements for class certification are specified in Rule 23 of the Federal Rules of Civil Procedure. Class certification is permissible only after the court has undertaken a "rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Curley v. Cumberland Farms Dairy, Inc.,* 728 F.Supp. 1123, 1128 (D.N.J. 1989), *citing General Telephone Co. v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

In addition to the requirements in Rule 23, a plaintiff must also demonstrate that he has standing to assert the claim in the first place. Although a court need not

examine the merits of the underlying claim on a motion for class certification, *Curley*, 728 F.Supp. at 1128, the plaintiff must still demonstrate the requisite standing as a class representative for certification to be granted. *City of Philadelphia v. American Oil Co.*, 53 F.R.D. 45, 62 (D.N.J.1971).

Notwithstanding the prior certification order of Judge Brotman, it is appropriate to revisit this issue where it appears that a fuller determination of the facts are necessary to permit a proper evaluation of the proposed class certification. *See Zenith Laboratories, Inc. v. Carter–Wallace, Inc.*, 530 F.2d 508, 512 (3d Cir.1976).

The party moving for class certification must meet the four prerequisites of Rule 23(a) and one of the three prerequisites in Rule 23(b). *Southern Snack Foods v. J & J Snack Foods*, 79 F.R.D. 678, 680 (D.N.J. 1978). Under Rule 23(a) a class can be certified only if:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will *fairly and adequately protect the interests of the class.*

Fed.R.Civ.P. 23(a) (emphasis supplied). The plaintiff has also chosen to proceed under Rule 23(b)(3) by asserting that class certification is appropriate since there exists questions of law or fact common to the class which predominate over all other questions and that a class action is superior to any other form of adjudication. Plaintiff's Motion for Class Certification at 13–15. A factor considered in determining whether a plaintiff has met the requirements of Rule 23(b)(3) is the manageability of the proposed class. Fed.R.Civ.P. 23(b)(3)(D).[1]

■ This court finds that there is an insufficient factual record to conclude that the plaintiff has met the requirements of

Rule 23. The record is incomplete as to whether certification of the proposed class under the named plaintiff would adequately protect the interests of the other members of the proposed class. Further findings are also necessary on the manageability of the class.

**B. *Potential Conflicts Between Class Members***

One of the requirements of Rule 23(a) is that the plaintiff "fairly and adequately protect the interests of the class." In analyzing this requirement the Third Circuit adheres to a test which requires the court to determine whether the plaintiff's interests are antagonistic to the rest of the class. *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975). In the present case, the proposed class consists of 1) resellers who open the packaged ham in order to resell, and 2) ultimate consumers who purchase the ham for home consumption.

The plaintiff, Zane Maguire, is a restaurant owner who purchased the defendants' ham products. The line of transactions between plaintiff and defendants is unclear from the record. Specifically, it is unclear whether Zane Maguire purchased any of defendants' ham products from resellers in the proposed class. If so, a potential conflict could exist. In addition, conflicts can, and most surely will, exist between the consumers in the class and the resellers, particularly if a court were asked to allocate damages from a limited recovery.

**C. *Manageability of the Class***

■ Rule 23(b)(3) requires a court to find that questions of law or fact common to the members of the class predominate over other questions and that a class action is a superior method of adjudication. In determining whether these requirements have been satisfied one of the factors a court must take into account is the manageability

---

**1.** Rule 23 also directs a court to consider the interest of class members in controlling separate actions; any preexisting litigation commenced by or against members of the class;

and the desirability of concentrating the litigation in the particular forum. Fed.R.Civ.P. 23(b)(3)(A), (B), (C).

of the case if certified as a class action. Fed.R.Civ.P. 23(b)(3)(D). *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 762 (3d Cir.), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974). The determination of class manageability is a matter for the trial court's discretion. *King v. Kansas City Southern Industries, Inc.*, 519 F.2d 20, 25 (7th Cir.1975).

The manageability analysis requires consideration of "the potential difficulties in notifying class members of the suit, calculation of individual damages, and distribution of damages." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1304 (9th Cir.1990). Sandy Mac sold millions of dollars of ham over a period of many years, much of which was purchased over the counter in small quantities for home consumption. There will surely exist substantial difficulties in notifying and verifying a class consisting of such consumers. Moreover, the problem of proving, calculating and distributing damages to this class seems at first blush Herculean. The factual record is insufficient on these issues to allow the court to reach a determination as to whether the proposed class is manageable.

### D. *Availability of Fee Shifting*

Another consideration for a court in determining whether a class action is superior to other alternatives is the availability of fee shifting. *Curley v. Cumberland Farms Dairy, Inc.*, 728 F.Supp. 1123, 1133 (D.N.J.1989). Where a statute provides attorney's fees to a prevailing plaintiff there is less incentive to protect by class certification individuals with small claims. 728 F.Supp. 1133–34. Section 35 of the Lanham Act, 15 U.S.C. § 1117, authorizes an award of reasonable attorney's fees in certain cases of infringement of registered trademarks. Courts have interpreted Section 35 to permit the recovery of attorney's fees in actions under Section 43(a). *See, e.g., Knorr–Nahrmittel A.G. v. Reese Finer Foods, Inc.*, 695 F.Supp. 787, 795 (D.N.J. 1988); *Hartman v. Hallmark Cards, Inc.*, 833 F.2d 117, 123 (8th Cir.1987); *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 528 (10th Cir.1987); *WSM, Inc. v. Wheeler Media Servs.*, 810 F.2d 113, 116 (6th Cir.1987). The record is insufficient on the issue of the availability of attorney's fees to allow the court to decide whether a class action is a superior method of adjudication.

### E. *Consumer Standing Under the Lanham Act*

Judge Brotman ruled that the consumers in the proposed class had standing to sue under Section 43(a) of the Lanham Act. *Maguire v. Sandy Mac, Inc.*, 138 F.R.D. 444, 448 (D.N.J.1991). Although the Third Circuit has not directly addressed this issue, there is some question whether consumers have the requisite standing under the Lanham Act. Substantial case law in other circuits has held that a plaintiff suing under Section 43(a) must have some sort of a commercial connection to the defendant so as to give the plaintiff a reasonable, protectable interest. *See, e.g., Dovenmuehle v. Gilldorn Mortg. Midwest Corp.*, 871 F.2d 697, 700 (7th Cir.1989); *Halicki v. United Artists Communications, Inc.*, 812 F.2d 1213, 1214 (9th Cir.1987); *Colligan v. Activities Club of New York, Ltd.*, 442 F.2d 686, 692 (2d Cir.), *cert. denied*, 404 U.S. 1004, 92 S.Ct. 559, 30 L.Ed.2d 557 (1971).

To the extent the Third Circuit has addressed standing under the Lanham Act, its discussion was limited to a situation involving a plaintiff with a commercial connection to the defendant. *See Thorn v. Reliance Van Co.*, 736 F.2d 929 (3d Cir. 1984) (investor in bankrupt competitor has standing under Lanham Act). In a case decided after Judge Brotman's ruling in the present case, the Third Circuit declined to address the consumer standing question since the plaintiff had failed to state a claim under Section 43(a). *See Ditri v. Coldwell Banker Residential Affiliates*, 954 F.2d 869 (3d Cir.1992). This is a further indication that the issue of consumer standing was not conclusively resolved by the Third Circuit's decision in *Thorn*.

This court notes that one problematic consequence of extending Lanham Act cov-

erage to consumers would be the transformation of the federal court system into a veritable small claims court. As the Ninth Circuit has pointed out, "[i]f Section 43(a) is not confined to injury to a competitor in the case of a false designation, it becomes a federal statute creating the tort of misrepresentation, actionable as to any goods or services in commerce affected by the misrepresentation." *Halicki*, 812 F.2d at 1214.

If it is subsequently determined by this court that consumers do not have standing under the Lanham Act, a serious question will arise as to the viability of a class action in light of the numerosity requirement in Federal Rule of Civil Procedure 23(a)(1). Exclusion of consumers would leave resellers of Sandy Mac ham as the only members of the proposed class. It is unclear from the record how many resellers would constitute this class. Rule 23, however, requires the existence of enough potential class members that joinder would be "impracticable." Fed.R.Civ.P. 23(a)(1).

### F. *Existence of a Misrepresentation or False Description*

Section 43(a) of the Lanham Act, by its express terms, is concerned with labelling and advertising, and not the condition of the product itself. Liability under the Lanham Act is premised upon the existence of a "false description or misrepresentation." 15 U.S.C. § 1125(a). The mere failure to disclose facts is not actionable. *See U.S. Healthcare v. Blue Cross of Greater Philadelphia*, 898 F.2d 914, 921 (3d Cir.), *cert. denied*, 498 U.S. 816, 111 S.Ct. 58, 112 L.Ed.2d 33 (1990); *Energy Four, Inc. v. Dornier Medical Sys.*, 765 F.Supp. 724, 731 (N.D.Ga.1991); *Universal City Studios v. Sony, Corp.*, 429 F.Supp. 407, 410 (C.D.Ca. 1977). Nor is the failure to inform consumers about a product's defective condition a *per se* misrepresentation under the Lanham Act. *McNeilab, Inc. v. American Home Products*, 501 F.Supp. 517, 532 (S.D.N.Y.1980).

In the present case, the plaintiff is seeking certification of a class which includes ultimate consumers who purchased the ham from resellers who had removed the original wrapping provided by Sandy Mac. The factual record is insufficient for the court to determine whether some or all of the proposed class members were in fact victims of an affirmative misrepresentation or false description by the defendants.

### G. *Conclusion*

Because of the inadequacy of the factual record, the class certification order of August 15, 1991 is vacated. Plaintiffs are granted leave to take additional discovery on the issues raised in this opinion and to file a new motion for class certification on or before January 31, 1993.

### II. THE PARTIES' CROSS–MOTIONS FOR SUMMARY JUDGMENT

The parties' cross-motions for summary judgment are denied as there exist several genuine issues of material fact at this stage of the proceedings.