Martchela Popova MLADENOV, Mladen Mladenov, Chan M. Mao, on behalf of themselves and those similar situated, Plaintiffs,

v.

WEGMANS FOOD MARKETS, INC.; ABC–Corps 1–10 (fictitious entities), Defendants.

Martchela Popova Mladenov, Mladen Mladenov, Chan M. Mao, on behalf of themselves and those similar situated, Plaintiffs,

v.

Whole Foods Market Group, Inc.; ABC–Corps 1–10 (fictitious entities), Defendants.

Chan M. Mao, on behalf of herself and those similar situated, Plaintiff,

v.

ACME Markets, Inc.; ABC–Corps 1–10 (fictitious entities), Defendants.

Civil Action Nos. 15–00373–JEI–AMD, 15–00382–JEI–AMD, 15–00618–JEI–AMD.

United States District Court,
D. New Jersey.

Signed July 21, 2015.

Angelova Law Firm, LLC by Aneliya M. Angelova, Esq., Andrew H. Yang, Esq., Marlton, NJ, for Plaintiffs.

Greenberg Traurig, LLP by David E. Sellinger, Esq., Florham Park, NJ, for Defendant Whole Foods Market Group, Inc.

Pepper Hamilton LLP by Matthew V. DelDuca, Esq., Angelo A. Stio III, Esq., Princeton, NJ, for Defendant Wegmans Food Markets, Inc.

Buchanon Ingersoll & Rooney PC by Christopher J. Dalton, Esq., Lauren A. Woods, Esq., Newark, NJ, for Defendant ACME Markets, Inc.

## ORDER TO SHOW CAUSE WHY CLASS ALLEGATIONS SHOULD NOT BE STRICKEN FROM THE COMPLAINTS

IRENAS, Senior District Judge:

This matter having appeared before the Court on motions to dismiss filed in three separate, though related class actions brought by the same Plaintiffs,[1] against Wegmans Food Markets, Inc. ("Wegmans"), Whole Foods Market Group, Inc. ("Whole Foods") and ACME Markets, Inc. ("ACME"), the Court having reviewed the parties' submissions, and it appearing that:

1. Plaintiffs Martchela Mladenov, Mladen Mladenov and Chan Mao claim to be health conscious consumers who purchased certain bread and bakery products from Defendants' stores located in New Jersey for the past seven years.

2. In March 2015, Plaintiffs filed class actions against each Defendant in the Superior Court of New Jersey, Camden County, alleging violations of the New Jersey Consumer Fraud Act ("CFA"), breaches of ex-

1. Chan Mao is a named Plaintiff in all three cases. Plaintiffs Martchela Popova Mladenov and Mladen Mladenov are not named Plaintiffs in the action filed against ACME Markets, Inc.

press warranty, and violations of the New Jersey Truth–In–Consumer Contract Warranty and Notice Act ("TCCWNA"). Plaintiffs also brought claims for injunctive and declaratory relief. Each Defendant subsequently removed to this Court and Plaintiffs have since amended their Complaints.

3. In the Amended Complaints, Plaintiffs claim Defendants' stores contain the following misleading advertisements: misrepresenting that certain bakery products are made from scratch.

   a. Defendant Whole Foods posts signs near its bread and bakery products that read: " 'MADE IN HOUSE BREAD,' MADE IN HOUSE BAGELS AND ROLLS,' 'FRESHLY BOILED & PLAIN BAGEL', 'MADE IN HOUSE MULTI GRAIN EVERYTHING BAGEL,' and 'MADE IN HOUSE SNOW CAP CAKES.' " (Whole Foods Amend. Compl. ¶ 18).

   b. Defendant ACME posts signs that read: " 'BAKED FRESH IN OUR OVEN, FRESH BREAD, BAKED IN OUR STORE DAILY', 'NEW! BAKED IN–STORE DONUTS' AND 'TASTY SELECTION FROM OUR BAKERY MADE FOR YOU.' " (ACME Amend. Compl. ¶ 11).

   c. Defendant Wegmans posts signs that read: " 'STORE BAKED ROLLS.' " (Wegmans Amend. Compl. ¶ 13).

4. According to Plaintiffs, these advertisements misrepresent that the relevant bread and bakery products are made from scratch in Defendants' stores when, in reality, they are: " '1) made, parbaked and/or frozen by Defendant, its subsidiaries, another vendor or manufacturer; and/or 2) delivered frozen, parbaked or premade, and re-baked or re-heated for sale; and/or 3) not made in store.' " (Whole Foods Amend. Compl. ¶ 21); (ACME Amend. Compl. ¶ 13); (Wegmans Amend. Compl. ¶ 16).

5. Plaintiffs allege that Defendants charge a premium price for these supposedly freshly made products and that Plaintiffs purchased said products at that premium price based on Defendants' misleading advertisements.

6. Plaintiffs brought the instant actions on behalf of themselves and practically identical classes. Specifically, the three relevant classes are defined as:

   All individuals and entities within the State of New Jersey who purchased bread and/or bakery products advertised and sold as 'made in house' and/or 'freshly baked' and/or 'freshly boiled' and/or fresh in a Whole Foods Market Store located in New Jersey on or after December 14, 2008.

   All individuals and entities within the State of New Jersey who purchased bread and/or bakery products advertised and sold as 'fresh bread' and/or 'baked fresh' and/or 'baked in our store daily' and/or 'from our bakery made for you' in an ACME store located in New Jersey on or after December 14, 2008.

   All individuals and entities within the State of New Jersey who purchased bread and/or bakery products advertised and sold as 'store baked' and/or 'fresh baked' in a Wegmans store located in New Jersey on or after December 14, 2008.

(Whole Foods Amend. Compl ¶ 30); (ACME Amend. Compl. ¶ 22); (Wegmans Amend. Compl. ¶ 25)

7. Plaintiffs also brought each action on behalf of subclasses defined as those who purchased the same bread and bakery products as the main class but used a credit and/or debit card.

8. In April 2015, all three Defendants filed motions to dismiss Plaintiffs' Amended Complaints for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

9. Although these cases come before the Court on Defendants' motions to dismiss for failure to state a claim, and Defendants have not yet moved to strike class allegations from the pleadings, the Court takes serious issue with Plaintiffs' ability to meet the class certification requirements of Rule 23(b) in each case.

10. The Court has the authority to strike class allegations at the pleading stage under Fed.R.Civ.P. 12(f) if the complaint demonstrates that a class action cannot be

maintained. *Smith v. Merial Ltd.*, No. 10–439, 2012 WL 2020361, at *6 (D.N.J. June 5, 2012). This Court has addressed and stricken class allegations at the pleading stage on defendants' motions pursuant to Fed.R.Civ.P. 12(f) when it becomes clear from the complaint that plaintiffs cannot meet the certification requirements of Rule 23. *Id.* at *4; *see also Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, No. 07–4925, 2008 WL 4056244 at *10 (D.N.J. Aug. 26, 2008) (granting motion to strike class allegations when it became clear injunctive relief under Rule 23(b)(2) was inappropriate); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n. 3 (D.N.J.2003) ("A defendant may move to strike class allegations prior to discovery in rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.").

11.  Rule 12(f) states in relevant part:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed.R.Civ.P. 12(f).

12.  Although this Court typically has stricken class allegations pleadings on defendants' motions pursuant to Rule 12(f)(2), subsection 12(f)(1) explicitly grants the Court authority to do the same without a defendant first filing a motion to strike. Furthermore, Rule 23(c)(1)(A) states that, "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Based on the pleadings in these cases, the Court finds it appropriate to consider Plaintiffs' class allegations *sua sponte.*

13.  Rule 23(b) states, in pertinent part:

**Types of Class Actions.** A class action may be maintained if Rule 23(a) is satisfied and if:

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b).

14.  Trial courts undertake a "rigorous analysis" to determine whether all the requirements of Rule 23 are satisfied in order to conclude that class certification is proper. *Hayes v. Wal–Mart Stores, Inc.*, 725 F.3d 349, 353 (3d Cir.2013). This analysis will often overlap with a determination of the merits of the claim. *Wal–Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S.Ct. 2541, 2550, 180 L.Ed.2d 374 (2011).

15.  Here, although Plaintiffs claim to satisfy both 23(b)(2) and (3), the Court is doubtful from the pleadings that Plaintiffs could meet the requirements of either. The Court addresses each subsection in turn.

16.  Rule 23(b)(2) class actions are "limited to those class actions seeking primarily injunctive or corresponding declaratory relief." *Barnes v. American Tobacco Co.*, 161 F.3d 127, 142 (3d Cir.1998) (*quoting* 1 *Newberg on Class Actions* § 4.11, at 4–39). The Court questions whether Plaintiffs can adequately fulfill the purpose of certification under Rule 23(b)(2) because their claims in each

case are primarily for money damages. *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 564 (2d Cir.1968); *see also Kaczmarek v. International Business Machines Corp.*, 186 F.R.D. 307, 313 (S.D.N.Y.1999); Advisory Committee Notes to the 1966 Amendments to Fed.R.Civ.P. 23 ("The subdivision does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages."). In *Kaczmarek*, the court rejected class certification under 23(b)(2) for claims of breach of contract, breach of warranty, misrepresentation and violation of the New York Deceptive Business Practices Act, along with one count seeking injunctive relief, because the claims were predominately for money damages. 186 F.R.D. at 313. Like the plaintiffs in *Kaczmarek*, Plaintiffs bring multiple claims for money damages under the CFA, TCWNNA and for breach of express warranty, and add one count in each case seeking injunctive and declaratory relief. But the mere existence of a claim seeking injunctive and declaratory relief does not automatically trigger 23(b)(2). These cases are primarily for money damages, not injunctive relief. As a result, the Court believes Plaintiffs could not obtain class certification under Rule 23(b)(2).

17. Neither is the Court convinced that Plaintiffs meet the requirements of certification under Rule 23(b)(3). " 'A critical need' of the trial court at certification with respect to actions under Rule 23(b)(3) 'is to determine how the case will be tried, ... including how the class is to be ascertained.' " *Carrera v. Bayer Corp.*, 727 F.3d 300, 307 (3d Cir.2013) (quoting *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d at 305 (3d Cir.2008)). According to the Third Circuit, ascertainability requires that there must be a reliable mechanism for determining whether putative class members fall within the class definition. *Hayes*, 725 F.3d at 355. "[T]o satisfy ascertainability as it relates to proof of class membership, the plaintiff must demonstrate his purported method for ascertaining class members is reliable and administratively feasible, and permits a defendant to challenge the evidence used to prove class membership." *Carrera*, 727 F.3d at 308. Furthermore, this burden is not met if "individualized fact-finding or mini-trials will be required to prove class membership." *Id.* at 307.

18. In *Marcus v. BMW of North America, LLC*, the Third Circuit found that the ascertainability requirement was not met in a class action alleging defective BMW products because Defendant's records could not possibility identify which consumers purchased vehicles containing certain sets of tires over a period of four years. 687 F.3d 583, 593–594 (3d Cir.2012); *see also Maguire v. Sandy Mac, Inc.*, 145 F.R.D. 50 (D.N.J.1992) (denying certification due to manageability issues involved in notifying and verifying a class of consumers who purchased millions of dollars of allegedly overwatered ham over a period of many years). The *Marcus* Court reasoned, "[f]orcing BMW and Bridgestone to accept as true absent persons' declarations that they are members of the class, without further indicia of reliability, would have serious due process implications." 687 F.3d at 594. Furthermore, the *Marcus* Court highlighted how class certification may be inappropriate for certain CFA claims because a key element is what the consumer "expected" of the product prior to purchasing it. *Id.* at 607–08. The court found that common questions of fact would not predominate if there were inconsistencies between consumer expectations regarding defendants' products. *Id.*

19. The instant lawsuits present even less feasible classes than the one in *Marcus*. The Court is not convinced here that Plaintiffs have any way of ascertaining exactly who purchased bread and bakery products from Defendants over the seven year period of time relevant to these cases. Further, Plaintiffs claim to have made multiple purchases of different food items over that time period. Named Plaintiffs have not provided in the Complaints any specific details regarding what products they purchased or when they did so. The average consumer likely does not have records of each and every time he or she purchased bakery products from any of the Defendants. Defendants will have no way to verify if a potential class member

actually purchased their products or not.[2] If these classes were certified, Defendants would have to accept as true class members' declarations that they too bought Defendants baked goods in certain amounts at certain times without any further indicia of reliability.

    20. Lastly, the potential for different expectations about each Defendants' products, an important element in Plaintiffs' CFA claims, creates unavoidable questions of fact among class members. In each of their Complaints, Plaintiffs claim that Defendants' various advertisements create the inference that the bread and bakery products in question are made from scratch in the store. Class certification would require individual determinations into whether each class member shared this belief prior to purchasing Defendants' products. Further, each potential class member would have to show that this belief caused him or her to purchase the relevant products.[3] Certifying this class action would require the exact type of ascertainability complication that *Carrera* warns against, namely requiring mini-trials to determine who belongs in the class. *Carrera*, 727 F.3d at 307. Simply put, there would be enormous difficulties in managing these class actions. Accordingly,

**IT IS** on this 21st day of July, 2015,

**ORDERED THAT:**

(1) Plaintiffs shall Show Cause why the class allegations should not be stricken from the pleadings in the above captioned matters on **Wednesday, August 12, 2015 at 10:00 am** in Courtroom 1, Mitchell H. Cohen Building and U.S. Courthouse, 401 Market Street, Camden, New Jersey.

(2) Plaintiffs' and Defendants' papers in response to this Order to Show Cause

**2.** The Court is also troubled by Plaintiffs' proposed subclass of consumers who purchased Defendants' products with a credit or debit card. Finding records of past credit or debit card charges and attempting to link them to Defendants' alleged misrepresentations, if even possible, would create a substantial roadblock in determining the scope of the proposed subclass and would be a Herculean task.

shall be filed with the Court no later than **Wednesday, August 5, 2015.**

**3.** To state a CFA claim, a plaintiff must allege a "causal nexus" between a defendant's unlawful conduct or practice and a Plaintiffs' ascertainable loss. *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557, 964 A.2d 741 (2009).